MABEL V. CALVERY ET AL. V. J. R. CALVERY ET AL.

No. 5952. Decided December 22, 1932.

(55 S. W., 2d Series, 527.)

206

*Mr.* and *Mrs. C. S. Bradley,* of Groesbeck, for appellants.

*Ball & Seeligson* and *Wm. F. Koch,* all of San Antonio, for appellant bank.

Under the will the estate passed in fee simple to Mrs. Mabel V. Calvery, as the first taker, notwithstanding the provision in the will that said land should go to the heirs of her body, at her death; and notwithstanding the superadded words that "any effort to vary the purpose and intention of this item shall revoke and annul any bequest to her," for the reason that the word "heirs" is a word of limitation and that testatrix did not intend to use it in a different sense than that given it by law. Hancock v. Butler, 21 Texas, 804; Lacy v. Floyd, 99 Texas, 117, 87 S. W., 665; Pearce v. Carrington, 104 Texas, 73, 134 S. W., 210; Texas Co. v. Meador, 250 S. W., 148; Crist v. Morgan, 245 S. W., 659.

*J. E.* and *B. L. Bradley,* of Groesbeck, for appellees.

Mabel V. Calvery only had a life estate in said property with remainder to the heirs of her body, and that by the sale of land she forfeited her life estate therein to the defendants. Simonton v. White, 93 Texas, 50, 53 S. W., 339; West v. Glisson, 184 S. W., 1042 (writ refused); Gay v. Ft. Worth, 4 S. W. (2d) 268; Shugart v. Shugart, 248 S. W., 328 (Com. App.); Hunting v. Jones, 215 S. W., 959.

MR. JUDGE SHARP delivered the opinion of Commission of Appeals, Section A.

This cause is before the Supreme Court upon certified questions from the Honorable Court of Civil Appeals for the Tenth Supreme Judicial District. The entire certificate reads as follows:

"Mabel V. Calvery and husband, W. T. Calvery, hereinafter called plaintiffs, instituted this suit in the District Court of Limestone County against San Antonio Joint Stock Land Bank of San Antonio, hereinafter called bank, John Ross Calvery, Ola May Lloyd and husband, Mattie Gertrude Alford and husband, and Cora Vernice Davis and husband, adults, and Sadie Elizabeth Calvery, Lois Geneva Calvery, W. T. Calvery, Jr.,

and Margie Lee Calvery, minors without a guardian, hereinafter called defendants. The eight named defendants are children, and the only children of Mabel V. Calvery. The minor defendants were represented by a duly appointed guardian ad litem. The purpose of the suit was to construe the will of Mrs. N. E. Calvery, to establish title in fee simple thereunder in said Mabel V. Calvery to a certain tract of land consisting of 200 acres, and to remove as a cloud upon her title thereto the claims of the respective defendants that she took thereunder a life estate only and that they took thereunder the remainder in fee. The bank was made a party defendant as a judgment creditor with foreclosure of a lien on said land against plaintiffs.

"All parties claimed under the will of Mrs. N. E. Calvery. Said will purported to dispose of the entire estate of the testatrix, and so far as pertinent to the issues involved herein, was as follows:

" 'ITEM No. 2: I give and bequeth Mabel V. Calvery of Limestone County, Texas, a life estate in and to the following described real estate: (Here followed the field notes of the 200 acre tract in controversy in this case and also of a 25 acre tract not in controversy herein). The remainder in and to the tract of 200 acres and the other of 25 acres I hereby give and bequeath to the heirs of the body of said Mabel V. Calvery, to have and to hold, share and share alike to each after the death of the said Mabel V. Calvery.

" 'But any effort to vary the purpose and intention of this item expressed shall revoke and annul any bequest to her.

" 'ITEM No. 3: I give and bequeath to the heirs of the body of Mrs. Medora A. Leathers the residue of all personality and realty of which I may die seized and possessed, to share equally share and share alike, expressly stipulating that the said personalty and realty may be, within the discretion of the executors hereof, partitioned in kind, or in their discretion, sold and the proceeds thereof divided, as to them may seem best. It is my desire and direction to my below said executors that the profits of possesions mentioned in this item be expended for no other purpose than for the education of the legatees in this item mentioned. I further desire and direct that said executors make a partition hereunder to each legatee as soon as practicable after he shall have reached his majority, in the manner abovesaid.'

"Said will was executed on April 27, 1908. The testatrix died September ——, 1908, and said will was thereafter duly probated. Mrs. N. E. Calvery was an aunt of plaintiff W. T. Calvery but was in no way related to the plaintiff Mabel V.

Calvery. She had, however, adopted Mabel V. Calvery and reared her from a small child. Mrs. N. E. Calvery had also as foster-mother reared Mrs. Medora A. Leathers, named in said Item 3 of her will. Plaintiffs had been married approximately ten years at the date of said will and had at that time four living children, the same being the first four named defendants herein. The minor defendants were all born after the death of Mrs. N. E. Calvery. Mrs. Medora A. Leathers was a widow at the time said will was executed. She had at that time six children, all of whom were minors except one.

"Plaintiffs, in 1926, desired to secure a loan on the 200 acre tract of land in controversy herein. To effect such purpose they conveyed said land to George W. Stovall, who thereupon mortgaged the same to the bank. Immediately thereafter said Stovall and his wife reconveyed the land to Mabel V. Calvery. Plaintiffs received the money so borrowed. Both said deeds purported to convey said land in fee simple without reservation or remainder. The bank, on January 13, 1931, recovered judgment for a balance of $6,000.00 due on its debt with foreclosure of its mortgage lien on said tract of land against plaintiffs and said Stovalls. Said judgment of foreclosure recited that said land belonged to Mrs. Mabel V. Calvery in fee simple. The issuance of order of sale, however, was stayed until December 1, 1931. Defendants were not parties to said suit.

"Said tract of land is of the reasonable value of $12,000.00, and if Mabel V. Calvery is adjudged to be the owner thereof in fee simple, she can borrow a sufficient sum thereon to pay said judgment and to prevent the sale and possible sacrifice of said land.

"The case was submitted to the court without the intervention of a jury. The pleadings of the respective parties were sufficient to support the issues presented in this appeal. The case was submitted on an agreed statement of facts, of which the above recitals are a substantial summary. The court held that the will of Mrs. N. E. Calvary vested in Mrs. Mabel V. Calvery a life estate only in and to said tract of land, with remainder in fee to the named defendants, who are heirs of her body, and that the action of Mabel V. Calvery in conveying said land in fee to said Stovall, in permitting him to encumber the same with a lien to secure a loan, in receiving the proceeds of such loan and having him reconvey said land to her in fee, did not impair nor destroy her estate in said land. Plaintiffs, defendants and the bank all prosecute separate appeals from said judgment.

"Plaintiffs and the bank present separate assignments of error in which they respectfully contend that the court erred in construing the will of Mrs. N. E. Calvery, deceased, and in holding that Mrs. Mabel V. Calvery took thereunder only a life estate in said tract of land and that the named defendants took thereunder the remainder in fee in and to said tract of land. Defendants contend that the court properly construed said will as to the interests and estates devised thereby, but that Mrs. Mabel V. Calvery, by her action in the premises hereinbefore recited, violated the final provision of the item of said will devising said property to her and that the devise to her was thereby revoked and annulled. They further contend that the effect of such revocation was to accellerate the time when the devise over to them became operative and that the court erred in not adjudging to them immediate possession and title in fee to said land.

"We realize the importance to the respective parties to this suit of an early decision of the issues of law involved herein, and have some doubt as to the proper disposition thereof. We therefore deem it proper to certify for your determination the following questions:

### FIRST QUESTION

"Did the will of Mrs. N. E. Calvery give to Mabel V. Calvery a fee simple title to the 200 acre tract of land in controversy herein, or did she take a life estate only with remainder in fee to her children?

### SECOND QUESTION

"If Mrs. Mabel V. Calvery took a life estate only in said tract of land, has she by her action in the premises hereinbefore set out so violated the restrictive provision embraced in the item devising same to her as to revoke or annul such devise and terminate her estate in said land?

### THIRD QUESTION

"If Mrs. Mabel V. Calvery's estate in said land has been so terminated, does such termination accellerate the remainder devised to the named defendants as heirs of her body and entitle them to immediate possession and fee simple title thereto?

"The transcript and agreed statement of facts are made a part of this certificate for all purposes."

■ The decisions of this State announce with respect to the rule in Shelley's Case, as applied to wills and other instruments, the following rules:

(1) Every part of an instrument should be harmonized and given effect to, if it can be done. If that cannot be done

and it is found that the will contains inherent conflict of intentions, the object of the grant being considered shall prevail.

(2)   If a will or its parts are equally capable of two constructions, one consistent with an intention, on the part of the grantor to do that which it was lawful for him to do, and one consistent with an intention to do that which it was unlawful for him to do, the former will be adopted.

(3)   The rule that courts will confer the greatest estate on the grantee that the terms of the grant will permit is subordinate to the rule "that every part of the will should be harmonized and given effect to, if it can be done."

(4)   In a will to a person for the term of his natural life and at his death to his "bodily heirs," the words "bodily heirs" thus employed, if from the entire text of the will it is shown that the words "bodily heirs" were used in the sense of children, are words of purchase and not of limitation.   Wallace et al. v. First Nat. Bank of Paris, 120 Texas, 92, 35 S. W. (2d) 1036; Hancock v. Butler, 21 Texas, 804; Simonton v. White, 93 Texas, 50, 53 S. W., 339, 77 Am. St. Rep., 824; Hopkins v. Hopkins, 103 Texas, 15, 122 S. W., 15; Hunting v. Jones, 215 S. W., 959.

■  The doctrine is also announced by the authorities that in construing wills, courts have always kept in mind that a testator may not have had the same opportunity of legal advice in drawing a will as he would have had in executing a deed and that there is more lattitude of construction in the case of wills in furtherance of the testator's intention than in deeds and that the primary maxim of construction is to ascertain the intention of the testator.   4 Kent Com., 216; Andrews v. Spurlin, 35 Ind., 262; Williams, Real Property, 5 ed., 212; Brockschmidt v. Archer, 64 Ohio St., 502, 60 N. E., 623.   For an exhaustive annotation of authorities on this point see 29 L. R. A. (N. S.), 1038.

■  The will of Mrs. N. E. Calvery provides that she bequeaths unto Mabel V. Calvery * * * a "life estate" in and to 200 acres of land described therein.   The text of the will further provides that "the remainder in and to the tract of 200 acres * * * I hereby give and bequeath to the heirs of the body of said Mabel V. Calvery, to have and to hold share and share alike to each after the death of the said Mabel V. Calvery."   It is contended that by reason of the language used in the will of Mrs. N. E. Calvery that the rule in Shelley's Case applies and that Mabel V. Calvery acquired the fee simple title to the 200 acres of land described therein.   The Supreme Court of this State has

repeatedly held that where it is shown the words "bodily heirs" were used by the testator in the sense of children and from the text of the will it is shown that it was the intention to give the original devisee a life estate only and the remainder in fee to go to the children, the manifest intention of the testator would be carried out. Wallace et al. v. First Nat. Bank of Paris, supra; Hancock v. Butler, supra; Simonton v. White, supra; Hopkins v. Hopkins, supra; Hunting v. Jones, supra.

■ When we read the entire will in the light of the rule announced by the Supreme Court of this State with a view of ascertaining the intention of Mrs. N. E. Calvery, it is quite plain that she intended to give to Mabel V. Calvery a life estate only in the 200 acres of land and that at her death the remainder in fee to go to her children. To hold that Mabel V. Calvery by the language used in the will acquired a fee simple estate in the 200 acres of land would be contrary to the manifest intention of the testatrix and would be contrary to the established rule announced by the courts of this State, as well as by the courts of many other jurisdictions.

Question No. 1 should be answered that Mabel V. Calvery took a life estate only in the 200 acre tract of land with the remainder in fee to her children after the death of Mabel V. Calvery.

It is contended that by reason of the restrictive provision contained in the will of Mrs. N. E. Calvery when Mabel V. Calvery undertook to convey the fee simple estate in the 200 acre tract of land and filed suit to construe the will to establish title in fee simple thereunder and remove as a cloud upon her title thereto the claims of the respective defendants, that such acts terminated her estate in the land.

As grounds for the alleged forfeiture by Mrs. Mabel V. Calvery in the 200 acre tract of land, it is shown that in 1926 she desired to secure a loan on this tract of land and to effect that purpose she and her husband conveyed the land to Stovall, who executed a mortgage thereon in favor of the bank. Immediately thereafter Stovall and wife reconveyed the land to Mabel V. Calvery; that Mabel V. Calvery and husband received the money so borrowed. Both deeds purported to convey the land in fee simple without reservation or remainder. Suit was filed to construe the will of Mrs. N. E. Calvery to establish title in fee simple thereunder in Mabel V. Calvery to the 200 acres and remove as a cloud upon her title thereto the claims of the respective defendants that she took thereunder a life estate only and that they took thereunder the remainder in fee.

■ The great weight of authority sustains the rule that a forfeiture of rights under the terms of a will will not be enforced where the contest of the will was made in good faith and upon probable cause. Friend's Estate, 209 Pa., 442, 68 L. R. A., 447, 58 Atl., 853; In re Kathan (Sur.), 141 N. Y. Supp., 705; Rouse v. Branch, 91 S. C., 111, 74 S. E., 133, 39 L. R. A. (N. S.) 1160; Ann. Cas., 1913 E, 1296, note; South Norwalk Trust Co. v. St. John, 92 Conn., 168, 101 Atl., 961, Ann. Cas., 1918E, 1090; 5 A. L. R., 1368; Moorman v. Louisville Trust Co., 181 Ky., 30, 203 S. W., 856; Jackson v. Westerfield, 61 How. Prac. (N. Y.) 399; In re Kirkholder, 171 App. Div., 153, 157 N. Y. S., 37; Whitehurst v. Gotwalt, 189 N. C., 577, 127 S. E., 582; Wright v. Cummins (Sup. Ct. Kan.), 108 Kan., 667, 196 Pac., 247, 14 A. L. R., 604; Tate v. Camp, 147 Tenn., 137, 245 S. W., 839; Dutterer v. Logan, 103 W. Va., 216, 137 S. E., 1, 52 A. L. R., 83 and authorities cited therein; Re Keenan, 188 Wis., 163, 205 N. W., 1001, 42 A. L. R., 836, and authorities cited therein; see annotation of cases following the opinion.

■ Our Supreme Court has never passed upon this precise question and the view we take of this record renders a decision thereon in this cause unnecessary. The rule in Shelley's Case has always been a subject of much controversy. The court's text writers, and lawyers have often disagreed in the construction of this rule. The courts of this State have not been in accord in the construction and application of the rule to wills and deeds and the opinions have by no means been uniform. However, it is now settled in this State that it will be given a strict construction and it is only when the facts bring a case under the strict letter of the rule that the courts of this State will apply and enforce it. Wallace v. First National Bank of Paris, supra.

■■ If Mrs. Mabel V. Calvery acquired a life estate only in the 200 acres, she had a right to convey it. Seay v. Cockrell, 102 Texas, 280, 115 S. W., 1160. Instead of conveying the life estate only, she purported to convey a fee simple title to the 200 acres of land. She sought a construction of the will to ascertain if she acquired a fee simple title to the land. She did not undertake to contest the will and destroy it. She merely asserted a right which she contends is vested in her by the terms of the will. Mrs. Mabel V. Calvery, at the time of the acts complained of as set out in the certificate, was justified in believing that, under the terms of the will, she acquired a fee simple title to the 200 acre tract of land in controversy and that she had the

right to convey same, and such acts would not constitute grounds for forfeiture of her life interest in the land and terminate her estate therein. In view of the strictness of the rule against declaring forfeitures, we do not think a suit, brought in good faith and upon probable cause, to ascertain the real purpose and intention of the testator and to then enforce such purpose and intention, should be considered as an effort to vary the purpose and intention of the will. Hence, no forfeiture resulted. We do not intend to declare whether a forfeiture would result from a suit merely to ascertain the intent of a testator, regardless of the contestant's good faith and regardless of the existence of probable cause for the institution of the suit. No such case is before us.

What we have said pertains only to devises or bequests of real estate. The rule with respect to gifts of personal property is not involved here and we purposely refrain from a discussion of that subject.

The answers made to Questions 1 and 2 render it unnecessary to answer Question No. 3.

We recommend that the questions certified be answered as above indicated.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.