## FREY et al. v. HASSELL et al.

### No. 3430.

Court of Civil Appeals of Texas. El Paso.

Oct. 29, 1936.

Rehearing Denied Nov. 19, 1936.

Thos. W. Thompson, of Greenville, for appellants.

H.· O. Norwood and Mayo W. Neyland, both of Greenville, for appellees.

## WALTHALL, Justice.

Appellees, Ben Hassell, and a number of others, as plaintiffs, brought this suit in trespass to try title to the real estate described in plaintiff's petition and for the construction of the will of H. M. Hassell, deceased, and codicils thereto attached. Plaintiffs allege that they are the owners of personal property consisting largely of promissory notes payable to H.˙M. Hassell, described in the petition in the hands of defendants, for which plaintiffs sue. Plaintiffs allege that said personal property with the exception of $5,000 in value was community property of H. M. Hassell and ·R. C. Hassell, and that $5,000 of the separate property of H. M. Hassell was used and invested in the acquisition of· said real and personal property. Plaintiffs allege that prior to the 19th day of January, 1917, and while H. M. Hassell and R. C. Hassell were husband and wife and living together as husband and wife they had an agreement wherein and whereby it was understood and agreed between them that reciprocal wills should be made, the husband willing to the wife a life estate in the community property as well as the separate property of said H. M. Hassell, and that R. C. Hassell, the wife, should will all the community property owned by her, she not owning any separate estate, for life and at their respective deaths all of the property real, personal, and mixed, should pass and descend to the blood kin of H. M. Hassell, and that the adopted heir, defendant Maude Lucille Bean, should receive as her full portion of the respective estates the sum of $5, and that said R. C. Hassell recognized such ,agreement up tö her death, and after the death of H. M. Hassell probated his will and elected to accept under said will; that on the 10th day of April, 1934, H. M. Hassell died testate leaving a written will.

The will of H. M. Hassell, and the codicils thereto are as follows:

"Last Will and Testament of H. M. Hassell.

"The State of Texas, County of Hunt.

"I, H. M. Hassell of Greenville, Hunt County, Texas, being of sound mind and memory, and being desirous of settling my worldly affairs while I have strength and power to do so, hereby make this my last will and testament.

"1st. I desire and direct that at my death my body be buried in a decent and Christian-like manner, suitable to my circumstances and condition in life, and that a suitable monument be erected over my last resting place.

"2nd. I desire and direct that all my just debts be paid without unnecessary delay by my executor to be hereafter named, provided I owe any debts at the time of my death.

"3rd. I give, bequeath and devise to .my adopted daughter, Maude Lucille Bean, the sum of Five Dollars to be paid at my death by my executor to be hereafter named.

"4th. I give, bequeath and devise to my wife R. C. Hassell all land and real property I may own and be possessed of at the time of my death of whatever kind and nature it may be, and wherever it may be situated. And I also give, bequeath and devise to my said wife R. C. Hassell all personal property of whatever kind and nature I may own and be possessed of at the time of my˙death, all of said property, both real and personal, to be used, owned, enjoyed and controlled by her fully and completely during her life time, and at her death to be disposed of in accordance with the future provisions of this will.

"5th. After· the death of my said wife R. C. Hassell, it is my will and desire, and I hereby direct that all property of any and all kinds, real and personal, bequeathed by me to her in this will, and remaining in. her possession and under her control at the time of her death, shall immediately vest in and become the property of such of my heirs at law as are living

at that time said property to be distributed among, and used and enjoyed by them as they may direct and desire.

"6th. To assist in the fair and proper disposition of the property referred to in items No. 5 of this will, and assisting in carrying out my wishes and desires as expressed in said item No. 5, I hereby state that at the time of my marriage to my wife R. C. Hassell I owned and possessed in my name property of the value of about $5000.00, which said property was my separate and individual property. I also hereby state that at the time of the execution of this will by me my estate including property of all kinds both separate and community property is worth about $14,000.00.

"7th. I hereby name, constitute and appoint my wife R. C. Hassell as sole executrix of this my last will and testament, and I hereby direct that she be not required to give bond for the faithful performance of the conditions of this will, and I further direct that there shall be no further legal proceedings taken on my estate at my death except the filing and probating of this will.

"Witness my hand at Greenville, Texas, this 19th day of January, 1917.
                         "H. M. Hassell."

(Statement of subscribing witnesses omitted in this copy.)

"Codicil.

"I, H. M. Hassell of the County of Hunt, State of Texas, do hereby declare the present writing to be a Codicil to my last will and testament bearing date of January 19, 1917.

"Whereas, Paragraph No. 7 of will herein mentioned names my wife, R. C. Hassell, as sole executrix, and realizing that due to her physical condition it will not be practical for her to perform the duties as executrix, it is my desire that my friends, J. C. Thompson and B. R. Brown of Greenville, Texas, be named as executors of my will, to act and perform all the duties said will assigned to the said R. C. Russell, and, thereby, relieving her of duties as executrix, substituting therefor the said J. C. Thompson and B. R. Brown, and I hereby nominate and appoint the said J. C. Thompson and B. R. Brown the sole executors of my last will and testament herein referred to and direct that no bond be required of them and that no action be had in the probate court under this will, other than the fil-

ing of an inventory and appraisement and list of claims as required by law.

"Witness my hand this the 3rd day of February, A. D. 1934, at Greenville, Texas, in the presence of J. D. Leatherwood and Lucille Click, witnesses.
                         "H. M. Hassell."

(Witnessed by J. D. Leatherwood and Lucille Click).

"Codicil.

"I, H. M. Hassell of the County of Hunt, State of Texas, do hereby declare the present writing to be a codicil to my last will and testament, bearing date of January 19, 1917.

"Whereas, I here and now designate that Mrs. W. E. (Hallie) Brooks, daughter of James Madison Hassell, be given five and no/100 ($5.00) Dollars as her interest in my estate and this to be paid as and when the entire estate is settled and after the death of both me and my wife, namely: R. C. (Callie) Hassell.

"In all other respects I hereby ratify and confirm my said last will.
                         "H. M. Hassell."

Plaintiffs sue as defendants Maude Lucille Frey, née Maude Lucille Bean, and her husband, Harry Frey. Defendants answered by demurrers, general and special, general denial, and by cross-action against plaintiffs, Hallie Brooks and her husband, W. E. Brooks; alleged that H. M. Hassell and R. C. Hassell, while living together as husband and wife and having no children of their own, they formally and legally adopted defendant, Maude Lucille Frey, then an infant girl child about four years old, which adoption contract was in writing, was duly executed, acknowledged, filed, and recorded; they plead the execution of said will, duly probated, and that under a proper construction of the terms of said will, defendant, Maude Lucille Frey, being the only legal heir, said estate descended and passed in fee simple to her.

Defendants in their cross-action plead in the alternative that if mistaken that Maude Lucille Frey would take said estate in fee simple; that she would take and be invested with a life estate in said estate with remainder to his "lawful heirs," and defendant Maude Lucille Frey being his sole and lawful heir, she would be entitled to the whole estate, and R. C. Hassell dying intestate her entire estate would and did pass to and become vested in her, Maude Lucille Frey.

The case was tried to the court without a jury.

The court in the decree made and stated substantially the following findings: In the first two findings the court stated the character of the suit, and that at the time of the filing of this suit the estates of H. M. Hassell and his wife, R. C. Hassell, owned all the property described in plaintiff's petition; third, that on August 17, 1909, H. M. Hassell and R. C. Hassell duly and legally adopted as their legal heir defendant Maude Lucille Frey (née Maude Lucille Bean) and that at the time of their death she was their legally adopted heir at law; fourth, prior to the death of H. M. Hassell and R. C. Hassell their parents had predeceased them and H. M. Hassell and his wife, R. C. Hassell never had born to them any child or children; fifth, with the exception of Maude Lucille Frey and Mrs. W. E. (Hallie) Brooks the plaintiffs are the sole and only surviving heirs at law of H. M. Hassell; sixth, the property involved in this suit is the community property of H. M. Hassell and his wife R. C. Hassell.

7. In construing the will and the codicils thereto attached of H. M. Hassell, the court finds that by said instruments H. M. Hassell intended that his wife, R. C. Hassell, take an estate for life in all of his property, and that after the termination of said life estate, so devised and bequeathed, said testator intended that upon the death of his said wife, the remainder of his said estate not disposed of during the lifetime of his said wife, should immediately vest in and become the property of his blood relatives, who are the persons mentioned in paragraph No. 5 hereof, plaintiffs herein.

8. On April 10, 1934, Mrs. R. C. Hassell did not have sufficient mental capacity to enter into an agreement with her husband with respect to the disposition of her property, and to know and understand the extent of her property, nor to fully understand the business in which she was engaged, or the objects of her bounties.

9. After the death of H. M. Hassell Mrs. R. C. Hassell did not have sufficient mental capacity to know and understand her property rights or to do or perform acts which constitute the exercise of an "election" under the will of her deceased husband.

10. After the death of H. M. Hassell, Mrs. R. C. Hassell (for lack of sufficient mental capacity to know and understand her property rights or to do or perform acts which would constitute the exercise of an "election" under the will of her husband) did no act or acts which would estop defendant, Maude Lucille Frey, from asserting her rights to the property of Mrs. R. C. Hassell.

11. The property involved, real and personal, is incapable of partition in kind.

12. The finding is lengthy and describes the real estate and the personal property involved and appointed a receiver of the estate with instructions.

On the findings the court decreed that defendant Maude Lucille Frey have and recover of and from all the other parties to this cause all of the right, title, and interest which Mrs. R. C. Hassell owned in said property, being a one-half undivided interest. The court further found that H. M. Hassell having by his will conveyed his interest in said property, to wit, a one-half undivided interest, to plaintiffs, the court decreed that after the payment of $5 each to Maude Lucille Frey and Mrs. W. E. (Hallie) Brooks, as provided in the will, the remainder of his said one-half interest in said estate shall vest in and become the property of the plaintiffs in the proportions stated in the decree. The court made other orders not deemed necessary to state.

Defendants Maude Lucille Frey and Harry Frey appeal.

## Opinion.

The primary maxim of construction in construing a will is to ascertain the intention of the testator. Calvery et al. v. Calvery et al., 122 Tex. 204, 55 S. W.(2d) 527, and cases cited.

By the third clause of the will the testator, H. M. Hassell, gave to Maude Lucille Bean, naming her, the sum of $5, thereby showing at least that he had her in mind in making his will. By the fourth clause of the will H. M. Hassell gave to his wife, Mrs. R. C. Hassell, all of his property of whatever kind and nature it may be of which he might own and be possessed at the time of his death, "to be used, owned, enjoyed and controlled by her fully and completely during her lifetime, and at her death to be disposed of in accordance with the future provisions of this will."

By the term "future provisions of this will" the testator evidently had in mind

974

the disposition he then intended to make and did make of any remainder of his estate in paragraph 5 of his will. By paragraph 5 in his will the testator expressed the desire and directed that any and all of the property of his estate bequeathed by him to his wife in the will, and remaining in her possession and under her control at the time of her death, shall immediately "vest in and become the property of such of my heirs at law as are living at that time, said property to be distributed among and used and enjoyed by them as they may direct and desire."

There is nothing in any subsequent parts of the will, as it seems to us, that would aid in construing the bequests made.

In one of the codicils of the will the testator gives $5 of his estate to Mrs. W. E. (Hallie) Brooks, as her interest in the estate; and ratifies and confirms his will in all other respects.

It is appellant's contention, under the authorities cited, that Mrs. R. C. Hassell took a fee-simple title to the estate of her husband, she being the first taker under the will; that any purpose or intention of the testator to give a life estate to the wife is overturned by devising in the same instrument a remainder to his heirs at law. We are referred, among others, to Crist v. Morgan et al. (Tex. Com.App.) 245 S.W. 659, as announcing the rule of property contended for here. The case is sufficiently similar in its facts to the instant case to have application here. The opinion is by Judge McClendon speaking for the Commission of Appeals. We refer to the case as reported for a fuller statement of the case and the provisions of the will.

The suit, while in form of trespass to try title, was to construe the will of Daniel Crist. Daniel Crist never had any children and his wife predeceased him. Without quoting here in full the verbiage of the will, the first paragraph quoted gave to certain persons specified "all the personal property of which I shall die possessed," stating the proportions. The next paragraph gave to the same parties mentioned in the first paragraph, "the real estate of which I may die possessed [stating the proportions] for life with remainder thereof in fee on the decease of each, to his or her heirs at law." That paragraph further provided that the children of one of the parties named shall per stir-pes take their portion of the real estate, in fee simple without remainder, but the other legatees named share per capita take only a life estate, in the proportion stated, "with remainder in fee at their decease to their heirs." There is much said in the case we would like to copy here, but which we must omit.

After referring to and quoting from other cases the court, in construing the law as applied to the will in that case, said: "The uniform conclusion is reached that no matter how clear and unequivocal the language by which a life estate only is sought to be given to the ancestor, this purpose and intention is overturned by granting in the same instrument a remainder to his heirs, general or special. And this is held to be true, not because the testator or grantor has not evidenced an explicit intention to grant only a life estate to the ancestor, but because the word 'heirs,' when there is no evidence in the instrument to show that the term was used other than in its generally accepted or technical sense, embraces the whole line of succession from generation to generation, and designates not merely the persons who at a particular time, namely the death of the ancestor, are to take, but also designates the quality in which they are to take, that is, as heirs or by 'inheritance'; from which it is reasoned and held that in order to take as heirs or by inheritance the fee must first be vested in the ancestor, and therefore the life estate in him is enlarged by operation of law into a fee. The reasoning is that there are thus manifested two intentions; one that a life estate only is granted to the ancestor, and the other that a heritable estate is granted in the remainder to the heirs; that these intentions are necessarily conflicting; that the policy of the law is to regard and hold the latter as paramount; and that consequently the former is destroyed and annulled, not construed away, as contended by some."

We have concluded that the trial court was in error in holding that plaintiffs are the surviving heirs at law of H. M. Hassell.

It is the judgment of this court that appellee's cross-assignments should be overruled, and it is so ordered. It is the further judgment and order of this court that Maude Lucille Frey (née Bean) have the fee-simple title to the property in controversy in this case, and that judgment be so entered.