**DAVIS v. BLOCKER et al.**

No. 15070.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 21, 1949.

Rehearing Denied Dec. 2, 1949.

Kenneth Johnson and Guy Rogers, both of Wichita Falls, for appellant.

Donald & Donald and J. M. Donald, all of Bowie, attorneys for appellees W. O. Blocker et al.

Golden, Croley & Howell, and William E. Johnson, Jr., all of Dallas, attorneys for appellee R. B. Thrift, Trustee.

HALL, Justice.

This is a venue suit. Appellant N. W. Davis sued six groups of defendants in the district court of Jack County, for the recovery of interest in lands situated both in Jack and Wise Counties. Group 5 consists of the following defendants, who are appellees in this case: W. O. Blocker and wife, Myrtle Blocker, resident citizens of Wise County, Texas; Anthony Fenoglio, Henry Fenoglio, resident citizens of Montague County, Texas; and R. B. Thrift, Trustee, resident citizen of Bexar County, Texas.

The trial court sustained their pleas of privilege to be sued in Wise County, where the land in which they are interested is situated.

Appellant appeals by submitting five points of error; they consist, in substance, as follows:

Point 1. The court erred in sustaining appellees' pleas of privilege because it affirmatively appears that appellant's suit is brought for the purpose of partitioning minerals in lands that lie both in Jack and Wise Counties, Texas. Therefore, venue lies in either county at the election of appellant, and furthermore, there are defendants residing in Jack County, Texas.

Point 2. Venue lies in Jack County under subdivision 29a of Article 1995 because some of the defendants lived in both Jack and Wise Counties.

Point 3. Venue lies in Jack County because all the plaintiffs and defendants deraign their respective titles under the last will and testament, with codicils thereto, of N. W. Davis, Sr., deceased, and such wills and codicils were probated in Jack County, Texas.

Point 4. Appellant seeks to have a receiver appointed for the contingent remaindermen of lands lying both in Jack and Wise Counties, Texas.

Point. 5. Venue lies in Jack County because appellant seeks the construction of the Davis will, upon which the title to all the land in Jack and Wise Counties depends.

The following facts were stipulated by the parties:

"It is admitted that the tract of land involved in the hearing on this Plea of Privilege, claimed by W. O. Blocker, and wife, Myrtle Blocker, Henry Fenoglio, Anthony Fenoglio, and R. B. Thrift, is situated solely in Wise County, Texas.

"It is further admitted there is no blood or marriage relationship existing between the Plaintiff or any of the persons or claims any to the defendants, viz: (Naming them).

"It is further admitted that the Wise County tract of land is not in any way contiguous to any other tract claimed by the Plaintiff.

"It is further agreed that the defendants do not claim any title to any land other than the tract situated in Wise County, Texas, W. O. Blocker, and wife, · Myrtle Blocker; Henry Fenoglio, Anthony Fenoglio, and R. B. Thrift, Trustee.

"It is further admitted that the residence of W. O. Blocker and wife, Myrtle Blocker, is not otherwise than in Wise County, Texas; and that the residence of Henry Fenoglio, and Anthony Fenoglio, is in Montague County, Texas; and that the residence of R. B. Thrift, Trustee, is in Bexar County, Texas. That the residences so stated are not otherwise than in said Counties, of the respective defendants."

Paragraph 6 of appellant's prayer is as follows: "That the last will and codicil of N. W. Davis, Sr., deceased, be construed and declared to have vested in Lula Horn, Mary Annie Davis, Nathan William Davis, Jr., and Jessie May Davis each an undivided one-fourth (¼th) interest in and to all of the minerals in, upon and under all lands described above."

In his controverting affidavits to the pleas of privilege, appellant adopts by reference his petition and makes it a part of the same and paragraph 3 of each of the controverting affidavits contains the following: "Plaintiff's original petition avers and it is a fact that this is a suit to recover an interest in lands which lie both in Jack and Wise Counties, Texas, and, hence, this court has venue under Subdivision 14, of Article 1995 of the Revised Civil Statutes of Texas."

We find from the above undisputed facts that since appellees disclaim any interest in the lands in Jack County but do claim an ·interest in the Wise County land, the trial court did not err in sustaining appellees' pleas of privilege and in transferring the cause to Wise County in so far as the cause of action between appellant and appellees pertains to the Wise County land. Not any of the defendants sued alleging ownership in the Jack County land are interested in the Wise County land and none of the defendants who claim ownership in the Wise County land are claiming any interest in the Jack County land; but on the contrary such ownership is distinct and different as to the two tracts of land, which are not contiguous tracts. Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223; Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69. In other words, all of the parties are not. identical owners in the two tracts, and the adjudication as to the ownership of one tract does not necessarily determine the ownership of the other. Atwell v. Talk, Tex.Civ.App., 202 S.W.2d 314. See also Fetherston v. State, Tex.Civ. App., 146 S.W.2d 1078.

For the. reasons stated the trial court's order sustaining appellees' pleas of privilege and transferring the case to Wise County in so far as it pertains to the appellees herein is sustained.