**ROBINSON v. GLENN et al.**

No. 6073.

Court of Civil Appeals of Texas. Amarillo.
Sept. 18, 1950.

Rehearing Denied Oct. 16, 1950.

Cooper & Finney, Amarillo, for appellant.

Singleton, Trulove & Edwards, Amarillo, R. H. Cocke, Wellington, for appellees.

PITTS, Chief Justice.

The controversy here presented involves title to an undivided 7/8 interest in two tracts of land situated in Collingsworth County, Texas, and the rents therefrom since November, 1947. The suit is in the form of a trespass to try title action but it is conceded that it involves only law questions in giving a proper construction to two similar deeds that conveyed either a life estate or a fee simple title to the two tracts of land consisting of 150 acres and 160 acres, respectively.

The two deeds were executed by Jennie Glenn, a feme sole, as grantor and the surviving widow of S. J. Glenn, to her granddaughter, Ruth Robinson, grantee. The pertinent parts of the first deed of date May 7, 1938, provide that:

" * * * for and in consideration of the sum of Five Dollars ($5.00) to me in hand paid by Ruth Robinson, receipt of which is hereby acknowledged, and for the purpose of equalizing the advancements heretofore made by me to my children, (the said Ruth Robinson, grantee herein, being my granddaughter), and for love and affection which I bear for said grantee,

"Have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said Ruth Robinson, of Potter County, Texas, as her separate property and for the benefit of her separate estate, for the term of her life only, all that certain tract or parcel of land, located in Collingsworth County, State of Texas, and described as follows, to wit:

"All of the North 150 acres of the West one-half (W½) of Section No. 89, located in Block No. 10, H. & G. N. Ry. Co. Surveys, in said Collingsworth County, Texas,

"To Have, And To Hold the above described property and premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Ruth Robinson, for her sole use, benefit and enjoyment during her life, and at her death to the issue of her body,

or their descendants, in accordance with the laws of descent and distribution of the State of Texas, their heirs and assigns forever; and I do hereby bind my self, my heirs, executors and administrators to warrant and forever defend the said premises unto the said Ruth Robinson, and to the issue of her body, their heirs, assigns, against every person whomsoever lawfully claiming, or to claim the same or any part thereof."

A recitation of the pertinent parts of the second deed of date May 13, 1941, is as follows:

"* * * for and in consideration of the sum of $1.00 to me cash in hand paid by Ruth Robinson, of Potter County, Texas, receipt of which is hereby acknowledged, and love and affection which I have and bear for said grantee, who is my granddaughter, have Given, Granted and Conveyed, and by these presents do Give, Grant and Convey unto the said Ruth Robinson, during her lifetime, all that certain tract or parcel of land, located in Collingsworth County, State of Texas, and particularly described as follows, to wit:

"The Southwest Quarter (SW¼) of Section No. Eighty-seven (87), in Block No. Ten (10), H. & G. N. Ry. Co., Surveys, containing one hundred and sixty (160) acres of land, more or less.

"To Have, hold, occupy, use and enjoy the above described property and premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Ruth Robinson, and her assigns, for and during the period of her natural life, and·upon her death, then unto her bodily heirs, share and share alike, their heirs, assigns and legal representatives forever."

The marriage of Jennie Glenn to S. J. Glenn was her only marriage and her husband died in 1908, leaving his widow and the children hereinafter named surviving. Jennie Glenn died in February, 1946, leaving surviving her as sole heirs at law six children and four grandchildren. The children were, namely, V. T. Glenn, B. G. Glenn, Bob T. Glenn, Maude Glenn, a feme sole, Lora Glenn, a feme sole, and Zoe Glenn Jaquier, wife of R. E. Jaquier. The grandchildren were, namely, J. P. Glenn and John D. Glenn (sons of Charles Glenn, a deceased son of S. J. Glenn and wife Jennie Glenn, both deceased), and Ruth Smith Robinson and Victor Smith (children of Kitty Glenn Smith, a deceased daughter of S. J. Glenn and wife Jennie Glenn, both deceased).

Ruth Robinson married appellant, Kendall Robinson, in 1937, after which she died in 1947, leaving no children as issue of her body. After her death the rents from the land in question were paid to appellant, Kendall Robinson, her surviving husband.

On November 5, 1949, the heretofore named surviving children of Jennie Glenn, deceased, and the two named grandsons, being sons of Charles Glenn, deceased, as appellees herein filed suit against Kendall Robinson, appellant herein, for title and possession of an undivided 7/8 interest in the land in question, together with 7/8 of the rents therefrom since November, 1947. Kendall Robinson joined issues with them and the case was tried to the court without a jury.

On March 3, 1950, the trial court rendered judgment for appellees for an undivided 7/8 interest in the land in question and for the sum of $5,324.41 as 7/8 interest of the total rents therefrom since November 3, 1947, from which judgment appellant has perfected his appeal.

At the request of appellant the trial court filed its findings, about which there is no material controversy but the trial court's conclusions as a matter of law are challenged by appellant. The trial court concluded, in effect, as a matter of law that the deeds in question gave Ruth Robinson a life estate only and the title to the land in question did not ripen into a fee simple title by reason of the fact that Ruth Robinson died without leaving any children as issue of her body; that by reason of such, title to the land in question reverted to the lawful heirs of the grantor in the deeds of Jennie Glenn, deceased, and that appellees, being lawful heirs of Jennie Glenn, deceased, are entitled to recover an undivided 7/8 interest in the land in question togeth-

er with the sum of $5,324.41 as their share of the rents therefrom.

Appellant contends, in effect, that the deeds in question conveyed to Ruth Robinson fee simple title to the land in question and that he, as the surviving husband of Ruth Robinson, deceased, is the lawful heir of her estate and is therefore entitled to prevail under the principles of law enunciated in the rule in Shelley's Case. While appellees contend, in effect, that the deeds convey to Ruth Robinson only a life estate with a remainder to her children, if any, as issue of her body after Ruth Robinson, as grantee, died but that the land reverted to them as heirs of the grantor since Ruth Robinson held only a life estate in the land and died without leaving any children as issue of her body.

The language used in the two deeds is so similar that the parties do not seek to make any distinction in the language so used. Both parties discussed the language so used in the two deeds together and seek to apply the rules of construction to them both alike. Appellant states that the granting clauses are the same except for the use of the word "only" in one deed and such word is not used in the other deed. We find that one deed conveys to the grantee " * * * for the term of her life only * * *" while the other deed conveys to the grantee " * * * during her lifetime * * *" Appellant further quotes the habendum clause in each deed as being the same. Such statements made by appellant are accepted by appellees. In discussing the rules of construction, both parties emphasized the fact that the intention of the maker of a deed, will or contract shall govern and determine its effect and that the intention of the maker must be determined by the language used in the absence of ambiguity and there is no claim made of ambiguity in the deeds here under consideration.

In the case of Robison v. Murrell, Tex.Civ.App., 184 S.W.2d 529, 532, this court held that the grantor's intention having been clearly expressed in premises of the deed, other clauses must be construed to conform to that intention notwithstanding such construction has the ef-

fect of weakening those other clauses. This court there further held, quoting from the case of Berry v. Spivey, 44 Tex.Civ. App. 18, 97 S.W. 511, as follows: "The intention of the grantor may be expressed in the habendum clause, or anywhere else in the instrument, and when it may be ascertained from the instrument it should be given effect, without regard to technical rules of construction." The Robison v. Murrell case is different in some respects from the case at bar but pertinent rules were there applied that should be here considered. In that case this court concluded that the deed there conveyed a life estate only to the grantee with the remainder to others and numerous authorities are there cited that are applicable to the controlling issue here presented.

In the case of Calvery v. Calvery, 122 Tex. 204, 55 S.W.2d 527, 529, the Commission of Appeals with the approval of the Supreme Court said:

"The rule that courts will confer the greatest estate on the grantee that the terms of the grant will permit is subordinate to the rule 'that every part of the will should be harmonized and given effect to, if it can be done.'

"In a will to a person for the term of his natural life and at his death to his 'bodily heirs,' the words 'bodily heirs" thus employed, if from the entire text of the will it is shown that the words 'bodily heirs' were used in the sense of children, are words of purchase and not of limitation."

Other authorities are there cited in support of the holding.

The Commission of Appeals held in the case of Gibbs v. Barkley, 242 S.W. 462, 464, that: "The ultimate purpose in construing a deed is to ascertain the intention of the grantor. When this intention is ascertained, that construction which carries the intention into effect, when such intention is lawful, governs and controls. The intention, however, is not to be gotten from an isolated clause or paragraph, but gathered from a fair construction of the entire instrument. Each clause or paragraph must be construed with reference to every other paragraph, and the effect

of one paragraph upon the other determined. Hopkins v. Hopkins, 103 Tex. 15, 122 S.W. 15." The court there further held that under the granting clause of the deed being there considered it apparently conveyed a fee simple title but when this clause is construed together with the habendum clause, it conveys only a life estate. It will be observed that in both deeds under consideration in the case at bar the granting clause and habendum clause both provide for the conveyance to grantee for her lifetime only.

In the case of Federal Land Bank of Houston v. Little, 130 Tex. 173, 107 S.W. 2d 374, 376, Justice Smedley, then Commissioner, discussed at length the rule in Shelley's Case and makes a distinction between the general use of the word "heir" and its use in a restricted sense. The court there says:

"While the instant case is not one for the application of the rule in Shelley's Case, the cases in which that rule is invoked are useful and appropriate in determining the meaning of the word 'heir.' In them the first inquiry, without reference to the rule, is as to the sense in which the testator used the word 'heir.' If it is found that he used the word in the nontechnical or restricted sense of child, then the rule in Shelley's Case is never reached. Crist v. Morgan (Tex.Com.App.) 245 S. W. 659, 662.

"The word 'heir' or 'heirs' has often been construed to mean child or children. Simonton v. White, 93 Tex. 50, 53 S.W. 339, 77 Am.St.Rep. 824; Hopkins v. Hopkins, 103 Tex. 15, 122 S.W. 15; Hunting v. Jones (Tex.Com.App.) 215 S.W. 959; Shugart v. Shugart (Tex.Com.App.) 248 S.W. 328; Wallace v. First National Bank, 120 Tex. 92, 35 S.W.2d 1036; Calvery v. Calvery, 122 Tex. 204, 55 S.W.2d 527; West v. Glisson (Tex.Civ.App.) 184 S.W. 1042 (application for writ of error refused). Indeed, the tendency of the decisions in this state has been to construe the word 'heirs' to mean children in order to avoid the enforcement of a rule which has been recognized but not regarded with favor. Justice Roberts, in discussing the rule in Shelley's Case in Hancock v. Butler, 21 Tex. 804,

812, said: 'The current of decisions in the American States where it has not been abolished bears strongly against enforcing it, unless in cases coming strictly under the rule. They more readily seize hold of any qualifying or super-added words, varying the sense of the technical terms in order to make them words of designation, than is done in England.'

"And in Calvery v. Calvery, 122 Tex. 204, 212, 55 S.W.2d 527, 530, Justice Sharp, then Commissioner, writing an opinion adopted by the court, said: 'It is only when the facts bring a case under the strict letter of the rule that the courts of this state will apply and enforce it.'

"The prevailing inclination has been away from the application of a technical rule and to the ascertainment of the true intention of the testator. Accordingly, when we are asked to give the word 'heir' a technical meaning, the natural, and we think proper, inquiry is, Did the testator intend to use the word in its technical sense?"

■ In the case at bar the grantor conveyed the land to Ruth Robinson, grantee, for life and at her death to the issue of her body, meaning her children, if any she had, and the grantee had no children at her death. Applying the rules of law enunciated by Commissioner Smedley in the last case cited, the issue of Ruth Robinson's body meant her children only as "heirs" and did not mean Ruth Robinson's "heirs" generally.

It appears from the language used in the deeds here being considered that the grantor intended that the issue of Ruth Robinson's body or her children only as her heirs would share the estate equally after the death of Ruth Robinson. One deed limits the grant to her "bodily heirs, share and share alike" after her death, meaning that they shall share equally as her surviving children. It was held in the case of Hunting v. Jones, Tex.Com.App., 215 S.W. 959, that such qualifying distributive words were significant in determining whether or not it was the intention of the grantor to convey a life estate or a fee simple title. In that case it was held that the heir took only a life estate and

**218**

not a fee simple title under the rule in Shelley's Case.

The rule in Shelley's Case is again thoroughly discussed by the Commission of Appeals with the approval of the Supreme Court in the case of Wallace v. First National Bank of Paris, 120 Tex. 92, 35 S.W. 2d 1036, and that case has since been many times cited. The court there held that the intention of the maker, when legal, must prevail and that the facts must bring the case under the strict letter of the rule before the rule in Shelley's Case will be applied. No question is raised in the case at bar about the legality of the deeds or the right of the grantor to execute them. The court further held in the last case cited that a will devising land to a son during his natural lifetime and at his death to his "bodily heirs" showed an intention to use the words "bodily heirs" in the sense of children, and hence created a life estate only in the son and not a fee simple title. It was there held that the rule in Shelley's Case did not apply.

A careful examination of the language used in the deeds reveals in simple language that Jennie Glenn, deceased, as grantor, executed the deeds for the purpose of equalizing advancements previously made to her children with the advancements then being made to her granddaughter whose mother was dead and that she intended for the advancements then being made to her granddaughter to be a part of her separate estate and for her separate use, benefit and enjoyment during her lifetime only and after her death to the issue of her body to share equally. The grantor so stated in simple language. It is our opinion that both the granting clause and the habendum clause in each deed limits the title to a life estate for Ruth Robinson, the grantee, in simple language. Applying the rules of law heretofore discussed governing the rules of construction in such cases, it is our opinion that Jennie Glenn, deceased, intended to convey to her granddaughter, Ruth Robinson, a life estate only and that the rule in Shelley's Case does not apply in this case. It is our opinion further that the trial court properly disposed of the case. In support of our holding we cite the following additional authorities: Glenn v. Holt, Tex.Civ.App., 229 S. W. 684; Lee v. McFarland, 19 Tex.Civ. 292, 46 S.W. 281; Haines v. Little, Tex. Civ.App., 242 S.W. 266; 36 Tex.Jur. 874-875.

Appellant's points to the contrary are all therefore overruled and the judgment of the trial court is affirmed.