## BLOCKER et al. v. DAVIS et al.
### No. 15255.

Court of Civil Appeals of Texas.
Fort Worth.
June 22, 1951.

Rehearing Denied July 20, 1951.

Donald & Donald, Bowie, for appellants.

Rogers & Johnson, Wichita Falls, for appellees.

HALL, Chief Justice.

This is a trespass to try title suit pertaining to approximately 84-¾ acres of land situated in Wise County, Texas, being 80 acres out of Section 6, G. H. & H. Railway Company Survey and patented to L. H. Stephens, and 4-¾ acres out of said Section 6, known as the Beal B. Barker preemption.

Appellees, N. W. Davis and Lula Horn, sued appellants, W. O. Blocker and wife, Mrs. Myrtle Blocker, Anthony Fenoglio and Henry Fenoglio (and R. B. Thrift, Trustee, who is not a party to this appeal) in the district court of said County to recover all the minerals under said land.

By way of answer, appellants plead they were innocent purchasers for a valuable consideration, plea of not guilty, the three, five, ten and twenty-five year statutes of limitation, and estoppel, as well as title by and through an after-acquired title.

The record discloses that appellee N. W. Davis, Jr., claims title to three-fourths of the minerals (he having acquired title to the interest of two sisters, each owning an undivided one-fourth interest), and appellee Lula Horn, one-fourth.

Appellant W. O. Blocker claims fee simple title to the minerals in question by a conveyance from one E. N. Miller, E. N. Miller by deed from G. H. Noxon and G. H. Noxon by deed from Mrs. N. W. Davis.

Appellants Anthony and Henry Fenoglio claim title to an undivided one-half of the minerals by deed from W. O. Blocker and wife, dated March 19, 1940.

Trial was to the court, without the intervention of a jury, which rendered judgment for appellees and against appellants.

Appellants' points may be consolidated into three major contentions. First, that appellees did not prove title from the sovereignty of the soil. Second, appellants own the land including the minerals under provisions of the statutes of limitation. Third, that provisions of the will of N. W. Davis, Sr., probated in Jack County and under which appellees claim title to the minerals in question, in truth and in fact bequeathed the land, including the minerals, to Mrs. N. W. Davis, appellants' predecessor.

The case was originally filed in Jack County, wherein appellants' pleas of privilege were sustained by the trial court and by this court in Davis v. Blocker, 224 S.W. 2d 509, and the same was thereafter transferred to Wise County on December 7, 1950.

On January 11, 1922, a judgment was entered in Tarrant County placing title to the land in question in "N. W. Davis" and a certified copy thereof was filed in Wise County on April 6, 1931. The next instrument appearing of record in the chain of title in Wise County is a deed from "Mrs. N. W. Davis, a feme sole," to G. H. Noxon, dated April 6, 1931. There is a record chain of title from this deed to appellants.

Appellees contend that the title "Mrs." before the name "N. W. Davis" was such notice as would have prevented appellants from becoming innocent purchasers, and that by reasonable inquiry appellants and their predecessors in title could have ascertained that the record title was in the name of N. W. Davis, Sr., who had lived in Jack County, Texas; that he died leaving a will, hereinafter described; and through the provisions of said will the minerals in question were devised to appellees.

■ The law in Texas is that every vendee of land is charged with knowledge of all facts appearing in the chain of title through which he claims that would place a reasonably prudent person on inquiry as to the rights of other parties in the property conveyed. 43 Tex.Jur., p. 672, sec. 395.

■ Appellants contend that since the judgment from Tarrant County placing title in the name of "N. W. Davis" does not state whether N. W. Davis was a male or female or where such person resided, that they became innocent purchasers for value. We think appellants' contention might be correct under the holding of the Supreme Court in the case of Griggs v. Houston Oil Co. of Texas, Tex.Com.App., 213 S.W. 261, provided Mrs. N. W. Davis was actually the record title owner. There are sufficient facts in this case to support the trial court's judgment to the effect that Mrs. N. W. Davis was not the record owner but, in truth and in fact, one N. W. Davis, Sr., deceased, of Jack County, was the record title owner and that Mrs. N. W. Davis, who executed the deed under which appellants claim, was his widow. Therefore, appellants could not be innocent purchasers because they and their predecessors in title had not purchased the apparent legal title to the minerals. See 43 Tex.Jur., p. 621, sec. 366. It is undisputed, however, that Mrs. N. W. Davis did own the surface of the land in question, at the time she executed the deed to Noxon, by a devise in her late husband's will.

Appellants and their predecessors, not being innocent purchasers of the minerals, were charged with knowledge of all facts and circumstances pertaining to the estate of said record owner. Said record owner, N. W. Davis, deceased, left a will, which was duly probated in the probate court of Jack County. Appellees claim title to the minerals in question under the provisions of said will, which was dated July 2, 1915. Mrs. N. W. Davis, his widow, and predecessor of appellants, duly elected to take thereunder. It then becomes unimportant whether the property in question was community. Decedent died November 14, 1923 and his will was probated on December 22, 1923. The judgment placing title to the land in question in N. W. Davis was dated January 11, 1922, thus showing its acquisition by decedent several years after the date of his will.

For brevity we will delete portions of the will which are not pertinent to this appeal, will paraphrase certain portions and will copy verbatim paragraphs 11 and 12, which are in point here.

In paragraph 4, N. W. Davis bequeathed to his wife, Mrs. M. J. Davis, a life interest in certain tracts of real estate, with remainder in fee simple to the three children which she bore to him.

In paragraph 5, he bequeathed certain town lots in Jack County to her in fee simple.

In paragraph 6, he bequeathed to his wife, M. J. Davis, all the personal property of which he might die seized and possessed.

In paragraphs 7, 8, 9 and 10, he bequeathed certain tracts of land to his four children in fee simple.

Paragraphs 11 and 12 in question here are as follows:

"11. I give and bequeath to each of my children, the aforesaid Lula Horn, Mary Annie Davis, Nathan William Davis, Jr. and Jessie May Davis, an undivided One Fourth (¼) of all the Royalties, rents, revenues, or profits of any kind or description that may accrue on any lands, that I may die seized and possessed of by reason of the oil, gas, or other mineral rights, leases, sales, or production thereof. It being my intention and desire to bequeath all of said revenues, royalties etc. by virtue of said oil, gas, or other mineral rights, leases etc. share and share alike to each of my aforesaid four (4) children, irrespective of the aforesaid bequests of the title in fee of said tracts of land;

"12. I give and bequeath to my said beloved wife, M. J. Davis, any other tract of real estate, that I may hereafter acquire and direct that same may be used, managed and disposed of by her as she thinks best."

The trial court, having granted judgment for appellees herein, necessarily held that appellants and their predecessors were not innocent purchasers of the minerals without notice and that the will in question here is a muniment of title to the minerals under the land in question, to the extent that provisions of paragraph 11 of said will bequeathed title to the minerals in question to appellees. This we find to be correct.

We note the testator used a general scheme throughout the four corners of his will to treat the surface of his land separately from the minerals. We also find from the language used in said will that it was his intention to devise to his four children and his wife the surface of his land separately, and to devise to his four children the mineral rights jointly. Such a plan, we find, is reasonable.

Appellants contend that the provisions of paragraph 11 of decedent's will must give way to paragraph 12 because the later clause in a will should prevail as being the latest expression of testator's intention. Such contention, however, under the law only prevails when there is an irreconcilable conflict between the two clauses of a will. Martin v. Dial, Tex. Com.App., 57 S.W.2d 75, 89 A.L.R. 571; Stanley v. Henderson, 139 Tex. 160, 162 S.W.2d 95.

"The rule that courts will confer the greatest estate on the grantee that the terms of the grant will permit is subordinate to the rule 'that every part of the will should be harmonized and given effect to, if it can be done.'" Calvery v. Calvery, 122 Tex. 204, 55 S.W.2d 527, 529.

We also adhere to the rule that where the language of a will leaves it uncertain whether a lesser or greater estate was intended to be devised, the greater estate will be held to have vested in the devisee. Wykes v. Wykes, Tex.Civ. App., 174 S.W.2d 333, writ refused.

But all of such rules must give way to the over-all general rule used while construing wills, which is to the effect that the court shall at all times keep in view two supreme objects: first, ascertainment of the testator's intention from the language used, and, second, effectuation or enforcement of that intention if same is legal. 44 Tex.Jur., p. 680, sec. 134. So the intention of the testator is to be discovered by reading and considering the entire will from its four corners. Therefore, such intention of the testator must be collected from the entire instrument rather than from detached or isolated portions. Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149.

While it is true, as contended by appellants, that paragraph 12 taken alone devises the fee simple title to the tract of

land in question to their predecessor in title, Mrs. N. W. Davis, yet said paragraph 12 is limited by the words and effect of paragraph 11, to the extent that only the surface rights were bequeathed to Mrs. N. W. Davis and the mineral rights were severed from the surface and devised jointly to decedent's four children, by the words, "I give and bequeath to each of my children, * * * an undivided one fourth (¼) of all the Royalties, rents, revenues, or profits of any kind or description that may accrue on any lands, *that I may die seized and possessed of* by reason of the oil, gas, or other mineral rights, leases, sales, or production thereof." We think the remaining portion of paragraph 11, "It being my intention and desire to bequeath all of said revenues, royalties etc. by virtue of said oil, gas or other mineral rights, leases etc. share and share alike to each of my aforesaid four (4) children, *irrespective of the aforesaid bequests of the title in fee of said tracts of land,*" does not limit the provisions of said paragraph to the land which he then owned but merely includes the lands he then owned and had devised in terms of fee simple as theretofore expressed. Paragraph 12 is couched in the same language as the previous paragraphs granting fee simple title to his respective children. Provisions of paragraph 12 bring all of testator's estate under the supervision of his will.

 Appellants further argue that proof of paragraph 11 of said will could not affect the title in question because same was not recorded in the county where the land was located. We have heretofore answered this line of contention but will state that provisions of Articles 3301 and 8300, Vernon's Tex.Civ.St., require that the order admitting a will to probate must be recorded in the probate minutes of said county. When this has been accomplished, then any person dealing with the legal title of property bequeathed under said will is in privy with such proceedings, regardless of whether the property involved is located in another county, or regardless of whether said will and its probate have been recorded in the county where the land lies. Hunter v. Hodgson, 95 S.W. 637, writ

refused. The purchaser from a devisee is charged with notice of the terms of a will and takes only the title of his vendor. Haring v. Shelton, Tex.Civ.App., 114 S.W. 389, affirmed 103 Tex. 10, 122 S.W. 13. For the further reason appellants are charged with notice of the provisions outlined in paragraph 11 of the will of N. W. Davis, deceased, when they acquired title from Mrs. N. W. Davis under paragraph 12.

A purchaser must also assume certain risk, such as that a deed in the chain of title was not executed by the grantee in the preceding conveyance but by one whose name was identical therewith. Pure Oil Co. v. Swindall, Tex.Com. App., 58 S.W.2d 7, modifying Swindall v. Van School Dist. No. 53, Tex.Civ.App., 37 S.W.2d 1094.

Appellants claim they own the minerals by and through provisions of the three, five and ten year statutes of limitation because they and their predecessors in title have continuously and notoriously used and controlled said property since 1931. Their testimony is full and complete as to occupation, use and control of the surface since that time, which is not in question here.

 The law in Texas, however, is that when a testator dies the title to the property he bequeaths passes immediately into his devisees. Article 3314, Vernon's Tex.Civ.St. The title to the minerals in question having passed immediately into the ownership of appellees Mrs. Lula Horn and N. W. Davis, Jr., and his predecessors in title, thus the mineral estate was severed from the surface estate at the same time appellants' predecessor acquired title to the surface. After such severance of the surface estate from the mineral estate, possession of the one will not ripen into a limitation title of the other. In order to start limitation running against the minerals by owners of the surface, there must be such a dominion exercised over said minerals as would have become notice to owners of the mineral estate that possessor of the surface was claiming the minerals thereunder. 31-A, Tex.Jur., p. 42, sec. 15; Lyles v. Dodge, Tex.Civ.App., 228 S.W. 316; West v. Hapgood, 141 Tex. 576, 174

S.W.2d 963; Adams v. Duncan, 147 Tex. 332, 215 S.W.2d 599.

Undisputed evidence is that no active operation for production of the minerals was begun during the period of time in question, hence no limitation ran against the severed minerals.

█ Appellees contend that a judgment in the district court of Jack County in 1926, wherein Mrs. N. W. Davis was a party, construing and interpreting the provisions of paragraph 11 and 12 as we have construed them here, was notice to appellants. Since only the judgment itself was introduced and it is undisputed the same was not placed of record in Wise County, we are unable to agree that same was notice. Such a judgment in our opinion is one that should be recorded in the county where the land lies in order to give notice, Article 6638, Vernon's Tex. Civ.St., unless there is proof that appellants had actual notice of same.

Finding no error, judgment of the trial court is affirmed.