(No. 13429.—Reversed and remanded.)

JOHN HOLLENBAUGH, Appellee, vs. THOMAS SMITH et al. Appellants.

*Opinion filed February 15, 1921—Rehearing denied April 6, 1921.*

1. WILLS—*rule in Shelley's case will be applied regardless of testator's intention, but the will must first be construed.* The rule in *Shelley's case* is not a rule of construction but a rule of property and will be applied without regard to the testator's intention, but the will must first be construed by the ordinary rules of construction to ascertain the testator's intention, and it will then be determined whether the devise comes within the rule.

2. SAME—*testator's intention must be ascertained from consideration of whole will.* A fundamental rule in construing wills is to ascertain the intention of the testator from a consideration of the whole will, and such intention must be given effect if not in conflict with an established rule of law or of public policy.

3. SAME—*all clauses and words of a will must be considered in its construction.* The intention sought in construing a will is not what may by inference be presumed to have been in the mind of the testator but that which he expressed by the words of his will, and all clauses and words must be construed as intended to have some meaning and to have been used for some purpose and must be given effect in arriving at the intention.

4. SAME—*when rule in Shelley's case does not apply.* The rule in *Shelley's case* does not apply to a devise to the testator's daughter and her husband during their lives and the life of the survivor of them, with remainder in fee simple, "after the death of my said daughter Mary, and after the death of her husband, the said John," to the heirs-at-law of said daughter according to the laws of descent of the State of Illinois "then in force," as the class of persons to take the remainder must be ascertained after the death of both the daughter and her husband, and not at the death of the daughter, should she die first.

APPEAL from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

STEELY & STEELY, GRAHAM & DYSERT, ACTON & ACTON, GEORGE A. RAY, and H. REHN, for appellants.

LOVE & KILGORE, (ALBERT M. KALES, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Vermilion county for the partition of real estate as prayed in a bill filed by John Hollenbaugh, appellee. The land described in the bill formerly belonged to Thomas Smith, who died testate in March, 1891, and the decision of the case involves the construction of his will, particularly paragraph 2, which is as follows:

"*Second*—To my daughter Mary Hollenbaugh, and to her husband, John Hollenbaugh, I give, bequeath and devise, for and during their lives and the life of the survivor of them, the following described real estate, situate in the county of Vermilion and State of Illinois, that is to say: The southeast quarter of section 9, and the northeast quarter of section 16, and the southeast quarter of the northeast quarter of section 13, all in township 22, north of range 12, west; and also the northeast quarter of section 1, and the east half of the southeast quarter of section 11, and the northeast quarter of the southwest quarter of section 12, and the west half of the southeast quarter of section 12, all in township 22, north of range 13, west, but subject, however, to the charge and payment to my wife, Martha Smith, during her life, of one dollar and fifty cents per acre per annum, hereinbefore provided. And the remainder of the said real estate last described, after the death of my said daughter Mary, and after the death of her husband, the said John, I hereby devise in fee simple to the heirs-at-law of my said daughter Mary, to be shared by them according to the laws of descent of the State of Illinois then in force. I also give and bequeath to my said daughter Mary my two-seated carriage."

By a codicil he afterward revoked the devise of 200 acres of land in sections 11 and 12 and substituted in its place 160 acres of other land. He also devised 30 acres of other land to his daughter Mary Hollenbaugh, in fee simple. The provisions for the benefit of Martha Smith,

the widow, were complied with until her death, which occurred before the death of Mary. The latter died intestate, leaving no child or descendants of a child but leaving surviving her husband, one sister and two brothers, her only heirs-at-law. The surviving husband, John Hollenbaugh, filed a bill for the partition of the land described in paragraph 2 of Thomas Smith's will and the 30 acres devised to his wife in fee by the codicil. By his bill he claimed a life estate, under the second paragraph of the will, in the land devised by that paragraph, and to own a fee simple title to one-half of it as well as to one-half of the 30 acres devised in fee to his wife by the codicil. The sister and brothers of Mary Hollenbaugh having died, their children, heirs and devisees and surviving spouses were made defendants and answered the bill, denying John Hollenbaugh had any interest in the land devised by the second paragraph of the will except a life estate. The court decreed partition in accordance with the prayer of the bill, and the defendants have prosecuted this appeal.

The only question involved is whether the rule in *Shelley's case* applies to the devise made by the second paragraph of the will. The rule in *Shelley's case* and when it applies has so often received discussion in cases in this court that we deem further discussion of that subject unnecessary. If a correct construction of the language of paragraph 2 brings the devise within the rule, then the decree was right, but appellants contend that a proper construction shows the devise does not come within the rule, because it clearly appears the testator did not mean by the words "heirs-at-law" all the heirs-at-law of Mary, but intended that only those answering that description at the death of both life tenants should take the remainder in fee, thereby excluding John if he survived his wife. The language of the devise relied on by appellants as supporting the construction they contend for is the devise of the remainder, "after the death of my said daughter Mary, and

after the death of her husband, the said John, I hereby devise in fee simple to the heirs-at-law of my said daughter Mary, to be shared by them according to the laws of descent of the State of Illinois then in force." If that language is construed to be a devise of the remainder in fee to the heirs general of Mary, then the rule in *Shelley's case* is applicable and Mary took the fee. In that case, John, being one of her heirs, inherited one-half the land from her.

The rule in *Shelley's case* has always been held not to be a rule of construction but a rule of property, and where a devise or conveyance is within the rule it will be applied without regard to the testator's intention. A fundamental and familiar rule in construing wills is to ascertain the intention of the testator from a consideration of the whole will, and such intention must be given effect if not in conflict with an established rule of law or of public policy. (*Abrahams* v. *Sanders,* 274 Ill. 452; *Smith* v. *Dellitt,* 249 id. 113; *Bergman* v. *Arnhold,* 242 id. 218; *Bennett* v. *Bennett,* 217 id. 434.) The intention sought is not what may by inference be presumed to have been in the mind of the testator but that which he expressed by the words of his will. (*Bond* v. *Moore,* 236 Ill. 576.) The intention is to be arrived at by the ordinary methods of construction, the same as if the rule in *Shelley's case* did not exist, and having ascertained it, then look at the rule to determine whether such intention is in conflict with it. (*Miller* v. *Mowers,* 227 Ill. 392.) All the clauses and words of the will must be construed as intended to have some meaning and to have been used for some purpose and must be given effect in arriving at the intention. None can be arbitrarily rejected as meaningless or surplusage. "A construction which requires the rejection of an entire clause in an instrument is not to be admitted except from absolute necessity." *Winter* v. *Dibble,* 251 Ill. 200.

We are, under the settled rules of construction, to ascertain the intention of Thomas Smith as expressed in the

296—36

second paragraph of his will, and determine whether by
the language of that paragraph the remainder was devised
to the heirs generally of Mary at the death of the sur-
vivor of the life tenants, which is the construction con-
tended for by appellee, or whether, as contended by appel-
lants, the devise was to a class who would be ascertained
at the death of the survivor of the life tenants, and who
would, under the Statute of Descent, at that time be Mary's
lawful heirs.   If the latter was the intention of the tes-
tator and was so expressed in his will it would not be
within the rule in *Shelley's case* and would not be in con-
flict with any rule of law.   We are of the opinion the lan-
guage used in the second paragraph of the will is not only
capable of that construction but that it plainly shows such
was the intention of the testator.   The devise, "after the
death" of Mary and her husband, in fee simple, to the
heirs-at-law of the daughter Mary, to be shared by them
according to the laws of descent of Illinois then in force,
if interpreted in its ordinary sense and meaning, plainly
indicates that the class of persons which was intended to
take the remainder was to be ascertained after the death
of both Mary and John, by the laws of descent "then in
force,"—that is, at that time.   The words "then in force"
refer to the words "after the death" of both Mary and
her husband. (*Kleinhans* v. *Kleinhans,* 253 Ill. 620; *Strain*
v. *Sweeny,* 163 id. 603.)   The devise was, first, a life es-
tate to Mary and her husband, John, for their joint lives;
and second, to continue for the life of the survivor.   It
was, of course, uncertain which would first die, but it was
the plainly expressed intention of the testator that if John
survived Mary he was to have a life estate in the lands.
No doubt, in contemplation of the uncertainty which of the
life tenants would survive the other and the possibility of
the husband surviving his wife, testator's daughter, he pro-
vided that after the death of both of them the fee should
go to the class who would at that time be Mary's heirs-at-

law; and that necessarily excluded John, for if Mary died first the persons to take as her heirs-at-law could not be determined until after his death. The devise of the fee "after the death" of the life tenants was not to the heirs-at-law of Mary without qualification, but was to her heirs according to the laws of descent "then in force." If the quoted .words mean anything, they mean the persons who would be heirs of Mary when the survivor of the life tenants died. Those words would have to be held meaningless to construe the devise of the fee as one to the heirs generally of Mary. We would not be justified in violating settled rules of construction in order to bring the devise within the rule in *Shelley's case* and thereby defeat the intention of the testator. If the language of the devise were that after the death of both life tenants the remainder should go to the heirs of Mary, the words "after the death" would not ordinarily be construed to refer to the time of ascertaining the persons who would take the estate but to the time when the persons entitled to it would come into possession and enjoyment.

*Bails* v. *Davis,* 241 Ill. 536, involved the construction of a deed to Joseph Kretzer and Mora Kretzer, his wife, "during their natural lives and after their death to the heirs of said Joseph Kretzer." The court held the word "heirs," as there used, meant Joseph Kretzer's heirs as a class, "without reference to individuals or any other conditions," and that the conveyance was within the rule in *Shelley's case.* The will considered in *Carpenter* v. *Hubbard,* 263 Ill. 571, differed from the will here involved. The court held the devise in that case was within the rule in *Shelley's case* but expressly stated the rule would not apply where the words "heirs-at-law" appeared from the will not to have been used in a technical sense to denote the whole line of inheritable blood, and that rule of construction has been repeatedly applied by this court and never departed from. In *Sellers* v. *Rike,* 292 Ill. 468, the court

construed a deed to Lizzie R. Sellers for life and at her death to her heirs, "if any." The court refused to hold the words "if any" showed the testator meant "children" by the word "heirs." The court said there were no other words explanatory of heirs, and gave it its technical meaning. The court also said other facts appeared from the acts and conduct of the parties which showed that was the intention of the grantor.

It is argued by appellee that the sixth paragraph of the will shows the intention of the testator to have been contrary to the construction we have given it. That paragraph devised land to a niece, Martha Mowrey, and her husband, George, during their lives and to the survivor for life, and in case Martha died leaving a child or descendants of such the remainder was to go to her heirs-at-law, to be shared by them according to the laws of descent then in force, but if she left no child or descendants of a child, then the remainder was to go to the testator's heirs. It is argued this shows the testator knew how to limit the remainder over to a more restricted class than the heirs general, and if he wanted to do so by the second paragraph he would have used language similar to the sixth, and the fact that he did not do so indicates he did not intend to restrict the heirs who would take the remainder after the death of both Mary and John to the persons who would answer the description of Mary's heirs-at-law at that time. No particular form or set of words is necessary to the expression of that intention. If by the language used the testator expressed an intention that the remainder should go to the persons who would, under the law in force at the time of the death of both life tenants, be Mary's heirs, it would be as effective as if the testator had employed the same language in the second paragraph as in the sixth.

The decree is reversed and the cause remanded for further proceedings not contrary to the views herein expressed.

*Reversed and remanded.*