KENDALL ROBINSON V. V. T. GLENN ET AL.

No. A-2916. Decided March 21, 1951.
Rehearing overruled April 25, 1951.
(238 S. W., 2d Series, 169.)

*Cooper & Finney* and *E. R. Finney,* all of Amarillo, for petitioner.

The Court of Civil Appeals and the trial court both erred in holding that the warranty deeds executed by Mrs. Glenn to Ruth Robinson did not convey a fee simple title in the land envolved, but only a life estate therein. Lacy v. Floyd, 99 Texas 112, 87 S. W. 665; Fawver v. First Texas Joint Stock Land Bank of Houston, 115 S.W. 2d 1217; Humble Oil & Refining Co. v. Webb, 177 S.W. 2d 218.

*Singleton, Trulove & Edwards* and *Otis Truelove,* all of Amarillo, for respondents.

The deeds in question conveyed only a life interest to Ruth Robinson, and since she died without issue the property therein conveyed reverted to the estate of Mrs. Jennie Glenn, and subject to the claim of her surviving heirs. Robinson v. Murrell, 184 S.W. 2d 529; Wallace v. First Natl. Bank of Paris, 120 Texas 92, 35 S.W. 2d 1036; Hopkins v. Hopkins, 103 Texas 15, 122 S.W. 15.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This cause involves the construction of two deeds executed by Jennie Glenn, a feme sole, to her granddaughter, Ruth Robinson. Ruth Robinson married petitioner, Kendall Robinson, in 1937 and lived with him as his wife until she died in November, 1947, childless, and never having any issue.

The first deed dated May 7, 1938, provides:

"* * * for and in consideration of the sum of Five Dollars ($5.00) to me in hand paid by Ruth Robinson, receipt of which is hereby acknowledged, and for the purpose of equalizing the advancements heretofore made by me to my children, (the said Ruth Robinson, grantee herein, being my granddaughter), and for love and affection which I bear for said grantee,

"HAVE GRANTED, SOLD and CONVEYED, and by these presents do GRANT, SELL and CONVEY unto the said Ruth Robinson, of Potter County, Texas, as her separate property and for the benefit of her separate estate, for the term of her life only, all that certain tract or parcel of land, located in Collingsworth County, State of Texas, and described as follows, to wit: (here is described 150 acres of land)

"TO HAVE, AND TO HOLD the above described property and premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Ruth Robinson, for her sole use, benefit and enjoyment during her life, and at her death to the issue of her body, or their descendants, in accordance with the laws of descent and distribution of the State of Texas, their heirs and assigns forever; and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend the said premises unto the said Ruth Robinson, and to the issue of her body, their heirs, assigns, against every person whomsoever lawfully claiming, or to claim the same or any part thereof."

The second deed, dated May 13, 1941, provides:

"* * * for and in consideration of the sum of $1.00 to me cash in hand paid by Ruth Robinson, of Potter County, Texas, receipt of which is hereby acknowledged, and love and affection which I have and bear for said grantee, who is my granddaughter, have Given, Granted and Conveyed, and by these presents do Give, Grant and Convey unto the said Ruth Robinson, during her lifetime, all that certain tract or parcel of land, located in Collingsworth County, State of Texas, and particularly described as follows: to wit: (here is described 160 acres of land).

"TO HAVE, hold, occupy, use and enjoy the above described property and premises, together with all and singular the rights and appurtenances, thereto in anywise belonging, unto the said Ruth Robinson, and her assigns, for and during the period of her natural life, and upon her death, then unto her bodily heirs, share and share alike, their heirs, assigns and legal representatives forever."

The question to be decided is whether each deed conveyed a life estate or a fee simple title to grantee, Ruth Robinson. The petitioner contends that the Rule in Shelley's Case applies so as to make both deeds convey a fee simple title to Ruth Robinson and therefore he takes title as her sole and only heir under the deeds. Respondents, the heirs to 7/8ths interest in the estate of Jennie Glenn deny this, but claim that Ruth Robinson took only a life estate and that they inherited from the grantor, Jennie Glenn, in the absence of any children being born to Ruth Robinson. The Court of Civil Appeals held that Ruth Robinson took only a life estate. 233 S.W. 2d 214. With this holding we agree.

We will not write on the Rule in Shelley's Case, as there is much which has already been written and found in our law reports and texts. See Crist v. Morgan, 245 S.W. 659; Calvery v. Calvery, 122 Texas 204, 55 S.W. 2d 527; Federal Land Bank v. Little, 130 Texas 173, 107 S.W. 2d 374.

■ The courts of Texas look with disfavor on the application of the Rule in Shelley's Case, except where the wording of the instrument under consideration requires the application of the rule. Hancock v. Butler, 21 Texas 804, loc. cite. 812; Calvery v. Calvery, 122 Texas 204, 55 S.W. 2d 527, loc. cit. (11), 2nd col., p. 530; Federal Land Bank v. Little, 130 Texas 173, 107 S.W. 2d 374, loc. cit., 2nd par. 2nd col., p. 377; "The Rule in Shelley's Case in Texas", III Baylor Law Review, pp. 42 et seq., and the authorities contained in all above citations.

■ The intention of the grantor of the deed will prevail if that can be ascertained from a reading of the whole instrument. Gibbs v. Barkley, Comm. App., 242 S. W. 462; Hopkins v. Hopkins, 103 Texas 15, 122 S.W. 15; Wallace v. First National Bank of Paris, 120 Texas 92, 35 S.W. 2d 1036; Crist v. Morgan, Comm. App., 245 S.W. 659, 662.

A reading of both of the above deeds shows that it was expressed that Ruth Robinson was to rceive an estate for the term

of her natural life only—"for her sole use, benefit and enjoyment during her life" in the first deed, and in the second "during her lifetime" and "for the period of her natural life." These quotes should be sufficient to show the intent of the grantor to convey a life estate only to Ruth Robinson.

■ For the Rule in Shelley's Case to convert "issue of her body" into heirs generally it must be the intention of the grantor to use those words in their technical sense of "heirs" so as to "pass from person to person through successive generations in regular succession." Hancock v. Butler, 21 Texas 804, loc. cit., pp. 810-812. In other words, that the grantor intended the words "issue of her body" to mean the whole line of heirs. Crist v. Morgan, Comm. App., 245 S.W. 659, loc. cit., p. 662.

The provision of the second deed "and at her death *share and share alike*" prevents the Rule in Shelley's Case from having application. (Emphasis added). Wallace v. First National Bank of Paris, supra; Federal Land Bank of Houston v. Little, supra, and authorities therein cited; Hunting v. Jones, Comm. App., 215 S.W. 959, loc. cit., p. 961; Hancock v. Butler, supra, loc. cit., p. 810. This second deed, under all of the authorities, conveyed only a life estate.

■ It is claimed that the first deed conveys a fee simple title by virtue of the phrase in the habendum clause "to Ruth Robinson and at her death to the issue of her body, or their descendants, in accordance with the laws of descent and distribution of the State of Texas, their heirs and assigns forever," and the warranty clause to Ruth Robinson "and to the issue of her body, their heirs and assigns." These clauses do not apply to heirs generally, but only to the children of Ruth Robinson and their descendants. A case similar to the case at bar is Vaughn v. Pearce, Tex. Civ. App., 153 S.W. 171, writ refused, wherein the deed conveyed to Mary Emeline Pearce "* * * and to her heirs by direct line of descent * * *". This deed was held to convey a life estate only to Mary Emeline Pearce. The Court says: "* * * and that said grantor did not intent or contemplate that the title to the property in fee should go in remainder to the heirs generally of the said Mrs. Pearce, but that by the use of the term 'to her heirs by direct lineal descent' was meant, giving said term its broadest construction, only such children, or their direct descendants, as the said Mrs. Pearce might have living at the time of her death."

The words "heir" or "heirs" have often been construed to

mean child or children in order to avoid the enforcement of a rule which has been recognized but not regarded with favor. Federal Land Bank of Houston v. Little, supra, and authorities cited therein; Hopkins v. Hopkins, supra. In this first deed the grantor restricted the remainder to the "issue of her body, or their descendants" which could only mean her children, or their descendants.

To hold only a life estate was conveyed by each of the deeds to Ruth Robinson is to avoid conflicts and inconsistencies in the deeds, while to apply the Rule in Shelley's Case, so as to give Ruth Robinson a fee simple title, is to strike from the deeds the repeated expressed intention of the grantor that Ruth Robinson is only to have a life estate. A case in point which supports our conclusion in the case of Beasley v. Calhoun, 178 Ga. 613, 173 S.E. 849.

The judgment of the Court of Civil Appeals is affirmed.

Associate Justices Smedley, Garwood and Wilson concur in the result. Opinion delivered March 21, 1951.

Rehearing overruled April 25, 1951.