**GARDNER et al. v. DILLARD et al.**

No. 12508.

Court of Civil Appeals of Texas. Galveston.
April 23, 1953.

Motions for Rehearing Refused
May 21, 1953.

Richard Spinn, Brenham, for appellants Paralee Dillard Gardner and another, and Letha Dillard Flewellen and another.

Hodde & Hodde, Brenham, for appellants Charlie & Searcy Johnson.

J. Alton York, Brenham, for appellees.

CODY, Justice.

The question presented for determination here is the applicability of the rule in Shelley's Case to a devise made by the sixth paragraph of the joint will of G. W. Dillard and wife, Ida, to Edcut Lee Dillard, one of their sons. The said joint will by its terms undertook to leave only life estates in lands located in Washington County to the several children of the aforesaid G. W. and Ida Dillard, but by the terms of said will fee simple estates in land (but less in extent) were devised to two children of Ida Dillard by a former marriage, named **Searcy Johnson** and **Charlie Johnson.**

The aforesaid paragraph of the will which had been duly probated in Washington County both after the death of G. W. Dillard and the subsequent death of Ida Dillard, reads so far as here material: "We hereby give and bequeath to our son Edcut Lee Dillard * * *; and all three of the tracts of land are hereby given to the said Edcut (sic) Ward Dillard for his life only, with full power to use and enjoy the rents and revenues therefrom, but he shall have no power to sell or dispose of same, and after his death we hereby give and bequeath the said three lots of land to the lawful heirs of said Edcut Lee Dillard in fee simple, equally and they shall share and share alike in the partition and division thereof."

On May 30, 1946, which was after the interest devised to Edcut Lee Dillard had vested in him, he died testate, without leaving any child or wife surviving him, though he had been married twice. By the terms of his will, which was duly probated, he devised all of his property to a brother, Ward Watkins Dillard, and a sister, Hallie Dillard Burrell, who thereafter by the exchange of deeds undertook to partition between themselves the lands which their parents had devised to Edcut Lee Dillard.

Thereafter, two of the children of G. W. and Ida Dillard, namely, Paralee Dillard Gardner and Letha Dillard Flewellen, joined by their husbands, brought this suit against their brother and sister, who were devisees under the will of their deceased brother, Edcut Lee Dillard, as well as against the aforesaid Johnsons, their half brothers.

At this point it is not amiss to state that by the terms of the bequests to Charlie and Searcy Johnson it is expressly provided "These bequests * * * are all of the lands and property that they shall receive from our estate * * *". Whereas, by the tenth paragraph of the aforesaid joint will, there was a residuary devise of all the balance of the property to the five Dillard children. It was the contention of the Johnsons that by the terms of the joint will, Edcut Lee Dillard received a life estate in the land devised to him, with the remainder to his heirs at law, per capita, and not per stirpes. Whereas it was the contention of the plaintiffs that the terms of the joint will barred the Johnsons from receiving any property which passed under the joint will, except such as was willed directly to them. The defendants contended that a fee simple estate vested in Edcut Lee Dillard to the lands devised to him. But that in any case, by the five year statute of limitations they had a good limitation title to the land.

The case was tried to the court without a jury. At the conclusion of plaintiffs' evidence, the defendants moved for a judgment, which was refused. And the court rendered judgment that the pleas of limitation should be overruled. But the court was of the opinion "that the rule in Shelley's Case applies to the will of G. W. Dillard and Ida Dillard, and particularly paragraph 6, thereof, * * *", and found that Edcut Lee Dillard took a fee simple title to the land devised to him by said joint will.

The sole point urged by appellants is that the court erred in holding that the rule in Shelley's Case applied to the 6th paragraph of the aforesaid joint will. The appellees have urged cross-points.

The courts look with disfavor on the application of the rule in Shelley's Case. Our Supreme Court first called on the Legislature to abolish this rule on property in Lacey v. Floyd, 99 Tex. 112, 118, 87 S.W. 665. Why the rule has long been superannuated is nowhere pointed out more forcibly than by Justice Griffin in a concurring opinion in Sybert v. Sybert, Tex.Sup., 254 S.W.2d 999, 1001, which is the latest instance where our Supreme Court has felt constrained to apply it. The tenacity with which our American courts have adhered to this old rule, after the reasons which gave rise to it have ceased to exist, lends support to the apothegm of a Dickens character that "The law is a ass."

Since the rule in Shelley's Case has been so often and so recently before our Supreme Court, Sybert v. Sybert, supra; Robinson v. Glenn, 238 S.W.2d 169, all that will be attempted here is the determination of whether the court below erred in applying the rule to the bequest to Edcut Lee Dillard. As appears from the two cases

last cited, the rule in Shelley's Case is founded on the use of the technical words "heirs" or "heirs of his body". No one, we believe, would attempt to pass on the proper application of the rule in Texas without reading, again and again, Hancock v. Butler, 21 Tex. 804.

■ If the context of a will or deed will reasonably so permit, the term "heir" will be construed to have been used in the sense of "child", or so as not to imply the intention on the part of the grantor or testator that the property shall "pass from person to person through successive generations in regular succession." See Hancock v. Butler, supra. In Robinson v. Glenn, supra [238 S.W.2d 170], the remainder, after the life estate of Ruth Robinson, the grantee in the second deed, was to "her bodily heirs, share and share alike," and the court held that "share and share alike" qualified the word "heirs", and took the grant from out of the rule. See also Sybert v. Sybert, supra.

■ As will be noted from the statement of relevant parts of paragraph 6 of the joint will of G. W. and Ida Dillard, after the estate given to Edcut Lee Dillard was limited to his lifetime, the testators provide "and after his death we hereby give and bequeath the said three lots to the lawful heirs of said Edcut Lee Dillard"; had the language of the bequest stopped here, the rule in Shelley's Case would have applied, and the legatee would have taken the fee simple title to the bequest. But the testators qualified the last quoted words, by adding to them "in fee simple, equally and they shall share and share alike in the partition and division thereof." This qualification clearly shows that the bequest was not contrary to the rule against perpetuity, and did not seek to pass the property "from person to person through successive generations in regular succession." The reasonable interpretation of the language of the bequest of the remainder, after the death of the first taker, is that it should go to his then living heirs in *fee simple,* equally. And to remove all question that the testators intended that the remainder should vest in the heirs of the first taker, living at his death, it is expressly stated that they shall *share and share alike* in the *partition* and *division* thereof.

It may well be that the testators contemplated that, in the usual course of nature, the first taker would leave as "heirs", children. He was twice married and divorced. But there is no evidence which will support the conclusion that the testators intended other than, that such heirs as were living at his death should take and divide the three tracts among themselves equally.

■ The bequest of the remainder after the death of Edcut Lee Dillard, to his heirs, equally, is a bequest of a portion of the estate of G. W. and Ida Dillard. That is to say, by the terms of the bequest, the remainder passed by force of the will, and not by force of the laws of descent and distribution. Expressed otherwise, the estate which vested in the first taker was but a life estate, and his heirs could not inherit the land involved, from him. His heirs took the remainder under force of the will. Consequently, since the Johnsons by the terms of the will were limited to the fee simple title to the portion of the estate given them, they are excluded from the "heirs" of Edcut Lee Dillard, who were to take the remainder, after his death, in fee simple, share and share alike.

■ Appellants refer to prior litigation between the parties which resulted in a judgment which was not appealed. This could not form the basis of a determination of the rights of the parties under the doctrine of stare decisis. See Parker v. Standard Oil Co. of Kansas, Tex.Civ.App., 250 S.W.2d 671. And appellants have not urged that estoppel by judgment is here operative.

We overrule the "exceptions" or cross-points by appellees. The trial court found against the appellee who claimed title by the five year statute of limitations, presumably on the ground that the facts were insufficient to sustain the plea. We doubt that even if possession under the "partition" deeds were shown, that such possession of the property by one of the tenants in common would have been notice of a hostile claim. For, as a cotenant, there

was a right of possession. We infer that the appellee who claims title by adverse possession is not very seriously urging it. But if we are wrong in this assumption, said appellee may correct this assumption in the motion for rehearing.

The judgment of the trial court is reversed—except as to the Johnson appellants and as to them the judgment is affirmed—and remanded as to the *Dillard heirs,* for the completion of the partition.