**Eugene Lee FINLEY et al., Appellants,**

**v.**

**Norman L. FINLEY, Appellee.**

**No. 3407.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 7, 1958.

Rehearing Denied Dec. 5, 1958.

McMahon, Smart, Sprain & Wilson, and Sayles & Ford, Abilene, for appellant.

Wagstaff, Harwell, Alvis & Pope and Whitten, Harrell & Wilcox, Abilene, for appellee.

COLLINGS, Justice.

This suit was brought by Norman L. Finley against Eugene Lee Finley, Ross Alvord Finley and Kathy Elizabeth Finley, his children, individually and as represen-tatives of the unborn and unknown legal heirs of Norman L. Finley. Plaintiff sought a construction of the will of his father and mother, E. L. Finley and Ella S. Finley, and an adjudication of the rights of the devisees under the wills pursuant to the uniform declaratory judgments act, Article 2524–1, Vernon's Ann.Texas Civ.St. It was urged by plaintiff, Norman L. Finley, that under the Rule in Shelley's Case, fee title to all of the real estate owned by E. L. Fin-ley and Ella S. Finley at the time of their deaths vested in him.

Judgment was entered holding that the Rule in Shelley's Case was not applicable to the will of E. L. Finley and that plaintiff, Norman L. Finley took only a life estate in the lands owned by E. L. Finley at the time of his death, except that Norman L. Finley was vested during his life time with the sole executive rights to lease the min-erals thereon upon such terms as he might see fit. Such leases were to be valid and binding although the term should extend beyond his life.

It was further decreed that the Rule in Shelley's Case was applicable to the will of Ella S. Finley and that Norman L. Finley took fee simple title to all of the real estate owned by Ella S. Finley at the time of her death.

Eugene Lee Finley and Ross Alvord Finley and Kathy Elizabeth Finley, indi-vidually and as representatives of the un-born and unknown heirs of Norman L. Fin-ley, have perfected their appeal from that part, only, of the judgment holding that the Rule in Shelley's Case did apply to the will of Ella S. Finley. Norman L. Finley has perfected an appeal from that part of the judgment holding that the Rule in Shelley's Case was not applicable to the will of E. L. Finley and that Norman L. Finley took only a life estate in the lands owned by E. L. Finley at the time of his death.

It was stipulated that E. L. Finley died February 26, 1943, and that his will was duly probated in the County Court of Tay-lor County on March 15, 1943; that Ella

S. Finley died on July 12, 1950, and that her will was duly probated in the County Court of Taylor County on July 31, 1950; that E. L. Finley and Ella S. Finley were husband and wife and that neither had ever entered into any other marriage; that Norman L. Finley was the only child of E. L. Finley and Ella S. Finley; that Norman L. Finley has been married twice, first on July 28, 1920, to which marriage two children were born, to wit, Eugene Lee Finley and Ross Alvord Finley; that Norman L. Finley's first marriage was terminated by a divorce in 1940; that he married again in September, 1942, and of the latter marriage one child, Kathy Elizabeth Finley was born.

■ Certified copies of the wills were introduced in evidence. The pertinent part of the will of Ella S. Finley is as follows:

"As to my real estate, I give, devise and bequeath all of my real estate to my son, Norman L. Finley, during his natural life to be used and enjoyed by him so long as he shall live. But upon the death of my son, Norman L. Finley, I give, devise and bequeath said lands to the legal heirs of the said Norman L. Finley. This will, however, shall not be construed to give to Norman L. Finley a fee simple title, but only a life estate in said lands. However, during the life of my said son, Norman L. Finley, he shall have the right to lease any lands owned by me at my death for oil or gas or other minerals upon such terms and conditions as to him may seem best. He shall have the right to use all the bonus and rental monies and royalties under any lease or leases which he may make, and same shall be his property the same as if he owned the property in fee simple."

Established law in this state requires us to hold that the will of Ella S. Finley comes within the Rule in Shelley's Case and that Norman L. Finley took fee simple title to the land owned by Ella S. Finley at the time of her death. The fairly recent Supreme Court case of Sybert v. Sybert, 152 Tex. 106, 254 S.W.2d 999, 1000, is, in our opinion, squarely in point. In that case there was a bequest of a tract of land to a son of "a life estate only" with the further provision "and after the death of my said son—to vest in fee simple in the heirs of his body". Chief Justice Hickman, speaking for our Supreme Court in that case, stated:

"The rule must inevitably apply in the instant case unless there is language qualifying the words 'heirs of his body,' showing that they were not used in their technical sense, that is, to signify an indefinite succession of takers from generation to generation. Turning now to an examination of the particular provisions of the will under construction we find that the only qualifying words contained therein modify the estate of Fred Sybert—not the words 'heirs of his body.' The language 'a life estate only, to manage, control and use for and during the term of his natural life' is but a statement of the incidents of a life estate. The further language 'and after the death of my said son, Fred Sybert, to vest in fee simple in the heirs of his body' does not indicate that the words 'heirs of his body' were not used in their usual and technical sense. The expressions 'vest in the heirs' and 'vest in fee simple in the heirs' are identical in meaning."

\*    \*    \*    \*    \*    \*

"The language in the will in this case brings it squarely within the rule, and whether or not the testator so intended is immaterial. While the court may be liberal in construing explanatory language so that the words 'heirs' or 'heirs of his body' will not be read in their technical sense, we cannot supply that language when it is omitted from the instrument itself."

In the instant case there was no explanatory language in the will of Ella S. Finley which would authorize us to say that the

words "legal heirs" should not be read in their technical sense. There was no language which would reasonably permit the words "legal heirs" to be construed to mean "children". Robinson v. Glenn, 150 Tex. 169, 238 S.W.2d 169; Lacey v. Floyd, 99 Tex. 112, 87 S.W. 665, 667. There was no language qualifying the words "legal heirs" implying an intention that the land should not pass from person to person through successive generations in regular succession, such as a provision that the "legal heirs" should "share and share alike" or share "equally" in a partition and division of the land. Wallace v. First National Bank of Paris, 120 Tex. 92, 93, 35 S.W.2d 1036; Calvery v. Calvery, 122 Tex. 204, 55 S.W.2d 527; Gardner v. Dillard, Tex.Civ.App., 258 S.W.2d 93, Writ Ref.; Hancock v. Butler, 21 Tex. 804.

■ The provision that "This will, however, shall not be construed to give Norman S. Finley a fee simple title, but only a life estate in said lands" is likewise not controlling. This language does clearly show an intention to limit the interest of Norman L. Finley in the lands to a life estate only. It does not, however, qualify or limit the meaning of the words "legal heirs", which is required to avoid the application of the rule. In this connection it is stated in Crist v. Morgan, Tex.Com.App., adopted by Supreme Court, 245 S.W. 659, 660, that:

> "The uniform conclusion is reached that no matter how clear and unequivocal the language by which a life estate only is sought to be given to the ancestor, this purpose and intention is overturned by granting in the same instrument a remainder to his heirs."

We overrule the contention of appellants that the court erred in holding the Rule in Shelley's Case applicable to the will of Ella S. Finley and in holding that fee simple title to all the lands owned by Ella S. Finley at the time of her death vested in fee simple in Norman L. Finley.

The pertinent part of the will of E. L. Finley is as follows:

> "And I give to my said wife for her sole use and benefit for so long as she shall live, all of the real estate situated in Callahan County, Texas, that I may own or have an interest in at the time of my death. And I direct that upon the death of my said wife, all of said real estate situated in Callahan County, Texas, shall pass to my son, Norman L. Finley, to be used and enjoyed by him so long as he shall live, and I direct that upon the death of my said son all of said Callahan County real estate shall pass to and vest in fee simple in the legal heirs then living of my said son, according to the statutes of descent and distribution now in force in Texas."

> "And I further direct that my said wife, during the time that she may have the use of said real estate, and my said son, during the time that he may have the use of said real estate under the terms of this will, shall have full power and authority to lease any or all of said real estate for oil, gas and mineral development to such person or persons, and on such terms as the one having the use of said land hereunder may see fit, and all such oil, gas and mineral leases by the one having the use of said real estate by the terms of this will shall be valid and binding, although the term of any such lease extend beyond the life of the one then having authority to lease."

Cross-appellant Norman L. Finley has appealed from that portion of the judgment holding that the Rule in Shelley's Case was not applicable to the will of E. L. Finley, and that under the will Norman L. Finley took only a life estate in the lands owned by E. L. Finley at the time of his death. Norman L. Finley particularly urges that the court erred "in overruling the legal presumption that the words 'legal heirs' were used in their technical sense, in that, there is no language in any part of the will of E. L. Finley to show that such words were used other than in their technical sense."

In our opinion the words "legal heirs" as used in the will of E. L. Finley did not refer to or contemplate the legal heirs of Norman L. Finley in the technical sense of continuous succession from generation to generation. The will provided that the estate should vest "in fee simple in the *legal heirs then living*", at the time of Norman L. Finley's death. (Emphasis ours.) It is obvious that the words "legal heirs" as used in the will did not contemplate legal heirs in the technical sense, but that the words were modified so as to designate certain specific heirs and a particular class of persons. The class of persons designated were the heirs of Norman L. Finley living at the time of his death.

Cross-appellant contends that a holding that the words "then living—upon the death of my said son" modify and limit the meaning of the words "legal heirs" is precluded by the holding in Lacey v. Floyd, 99 Tex. 112, 87 S.W. 665. He correctly urges that the Supreme Court in that case pushed aside the argument that the phrase "at his death" modified "lawful heirs" so as to designate a particular class of persons. The instant case in our opinion, is to be distinguished from the Lacey case. There the devise was to Steele for life "and at his death to his lawful heirs". As pointed out by Judge Brown, the use of the words "at his death" in connection with the words "lawful heirs" did not designate the heirs who were living at the time of Steele's death as the particular persons who were to take as remaindermen. The words were not descriptive of the words "lawful heirs" but designated the time when the "lawful heirs" would take. There was nothing to indicate that the words "lawful heirs" were not used in their technical sense, and, given literal effect under the Rule in Shelley's Case require continuous succession from generation to generation. It is plainly implied in Lacey v. Floyd that the rule would not have applied if the words "at his death" had been used in connection with the words "his lawful heirs" in such manner as to designate a particular class of persons who

would take "at his death". In the instant case the words "then living" and "upon the death of my said son" are descriptive of the words "legal heirs". The words "legal heirs", as so described and modified, designate particular persons who are capable of being determined and who are to take as remaindermen at the death of Norman L. Finley. The court correctly held that the Rule in Shelley's Case did not apply to the will of E. L. Finley and that Norman L. Finley took only a life estate thereunder with certain other additional rights in the land. Hancock v. Butler, supra; Crist v. Morgan, supra; Hopkins v. Hopkins, 103 Tex. 15, 122 S.W. 15; Shugart v. Shugart, Tex.Com.App., 248 S.W. 328; 14–B Tex.Jur. 626, 629.

The judgment of the trial court is in all things affirmed.

WALTER, J., disqualified and not sitting.