EUGENE LEE FINLEY ET AL v. NORMAN L. FINLEY.

No. A-7132. Decided April 29, 1959.
Rehearing overruled June 10, 1959.
(324 S.W. 2d Series 551)

*McMahon, Smart, Sprain & Wilson* and *John P. Camp,* all of Abilene for Eugene Lee and Ross Alvord Finley, *Sayles* and *Sayles,* of Abilene, for Kathy Elizabeth Finley, Individually, etc., Appellants.

*Wagstaff, Harwell, Alvis & Pope, J. Henry Doscher, Whitten, Harrell & Wilsox,* all of Abilene, for appellee.

PER CURIAM:

The Court of Civil Appeals held that the rule in Shelley's case is applicable to the will of Ella S. Finley but not to the will of E. L. Finley. 318 S.W. 2d 478. We agree with both holdings and approve the opinion of that Court in so far as it relates to the will of Ella S. Finley. As for the other will, we are not entirely satisfied that the words "then living" are sufficient in themselves to show that the term "legal heirs," was not used in its technical sense. Kent's statement of the rule in Shelley's case, which has been adopted in Texas, and expressions found in the opinions of this and other courts undoubtedly suggest that

the rule does not apply unless the remainder is limited to heirs or heirs of the body in an indefinite line of inheritable succession from generation to generation. See Sybert v. Sybert, 152 Texas 106, 254 S.W. 2d 999. This appears to be the English approach, but there is respectable American authority for the view that the rule is applicable if the language of remainder refers to those persons who would take the ancestor's land at the time of his death intestate. See Restatement of the Law of Property, Sec. 312, Comment *f*; American Law of Property, Vol. 1, p. 486, Sec. 4.43. In Porter v. Cutler, 380 Ill. 215, 43 N.E. 2d 929, the devise was to Flora Cashman for life with remainder to her heirs "living at the death of the said Flora Cashman." It was held that the quoted words did not take the devise out from the operation of the rule in Shelley's case, "because Flora Cashman could have no heirs other than heirs in being at the time of her decease."

■ It is unnecessary to determine at this time whether the reasoning of the Court of Civil Appeals on this question is sound, because the E. L. Finley will contains another provision which plainly indicates that the holding with respect thereto is correct. The testator directed that upon the death of his son, the real estate should vest in the latter's heirs then living according to the statutes of descent and distribution *in force at the time of the execution of the will*. The instrument thus gives the remainder to persons who may not be the legal heirs of Norman L. Finley on his death intestate, and in shares that may be different from those prescribed by the law in effect at that time. This makes it clear that the testator did not use the term "legal heirs" in the technical sense, but simply as a convenient means of designating the persons who are to take as remaindermen at the death of Norman L. Finley. See Quick's Ex'r. v. Quick, 21 N.J. Eq. 13; Hollenbaugh v. Smith, 296 Ill. 558, 130 N.E. 364.

The application for writ of error is Refused, No Reversible Error.

Opinion delivered April 29, 1959.

Rehearing overruled June 10, 1959.