Alfred DALLMEYER et al., Appellants,

v.

Louis HERMANN, Jr. et al., Appellees.

No. 196.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 29, 1969.

George R. Moorman, Moorman & Tate, Brenham, for appellants.

Ed P. Magre, Law offices of Don G. Humble, Cameron, for appellees.

SAM D. JOHNSON, Justice.

This is a will construction suit in which the sole question is whether or not the rule in Shelley's case is applicable.

The rule in Shelley's case has been abolished in this state, Art. 1291a, Vernon's Ann.Tex.Rev.Civ.St. However, Sec. 3 thereof provides that the act does not apply to conveyances taking effect prior to January 1, 1964, and the will in question became effective and was probated before such date.

Prior to her death Matilda Hermann and Louis Hermann, Jr., were husband and wife. At Matilda Hermann's death she was survived by her husband and four children born of that marriage. Louis Hermann, Jr., her husband, together with these four children, were the devisees under the will of Matilda Hermann, and subsequent to her death they filed suit against the grandchildren of Matilda Hermann to construe paragraphs 3 and 4 of her will.

The will in question recited in paragraph 3: "It is our will and desire that the survivor of us, Louis Herrmann or Matilda Herrmann, as the case may be, shall have all of the estate of every description, real and personal, which either or both of us may have, to be used, occupied and enjoyed during the natural life of the survivor of us, and upon the death of such survivor said joint estate shall be divided among our heirs and vest in them as follows;" paragraph 4 continued, "It is our will and desire and we so direct, that upon the death of the survivor of us, all of our estate, both real and personal, shall pass to our beloved children, Edward Herrmann, Hattie Herrmann, Annie Herrmann and John Herrmann, share and share alike, for and during their natural life and at the death of either of them, the share bequeathed to such child, shall pass to and vest in fee simple in the heirs of their body, and in the event that either of our said children shall die without issue, then the share herein bequeathed to them shall be divided equally between the children of our surviving children."

The trial court found that the rule in Shelley's case was applicable to the will "in particular Paragraph IV thereof." It was therefore determined that the four surviving children had a vested remainder in fee simple determinable, subject only to their dying without issue.

Appellants contend that a corollary rule of construction should have been applied to the will. It is appellees' position that they were entitled to rely on the rule in Shelley's case and that the trial court was correct in holding such rule applicable.

The first used rule in Shelley's case by a Texas court recited, " 'when a person takes an estate of freehold, legally, or equitably, under a deed, will, or other writing, and in the same instrument, there is a limitation, by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs, or heirs of his body, as a class of persons, to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate.' 4 Kent, 215. This result would follow, although the deed might ex-

press that the first taker should have a life estate only. It is founded on the use of the technical words, 'heirs,' or 'heirs of his body,' in the deed or the will." Hancock v. Butler, 21 Tex. 804 (Tex.Sup.1858).

The jurisprudence of this state has little need for further restatement of the rule or the accepted principles flowing therefrom. It must be noted, however, that application of the rule may defeat the intention of the testator to grant a life estate only, Lacey v. Floyd, 99 Tex. 112, 87 S.W. 665 (1905); Brown v. Bryant, 17 Tex.Civ.App. 454, 44 S.W. 399 (1897, err. ref.); Crist v. Morgan, 245 S.W. 659 (Comm.App.1922). Or as stated by a concurring opinion of Justice Griffin, "In fact, every case in which the rule in Shelley's case is applied results in setting aside the intention of the person making the instrument." Sybert v. Sybert, 152 Tex. 106, 254 S.W.2d 999 at p. 1002 (1953).

■ The requisites for the operation of the rule have been most clearly set forth in 3 Tex.Law Rev. 111:

1. The estate in the ancestor must be a freehold. It is usually spoken of as a life estate, expressed or implied.

2. The estate limited to the heirs must be limited by way of remainder.

3. The conveyance to the first taker and the apparent remainder to the heirs must be in the same instrument.

4. The apparent remainder must be in the heirs of the life taker. It is not necessary that the word heirs be used; it may be used and the rule not apply. In such case the word heirs is not given its technical meaning. Other words may be used and the rule apply. In such case the words are given the technical meaning of heirs.

5. The interest conveyed to the life taker and to the heirs by the apparent remainder must be of the same quality.

■ The problem presented in the case at bar emanates from the fourth listed requisite. No difficulty is there occasioned by the use of the term "heirs," and the term "heirs of their body" used in the will. We have no entailments in this jurisdiction and the terms are therefore equivalent. Vernon's Ann.St.Tex.Const., Art. 1, Sec. 26.

■ The rule in the instant case would be clearly applicable had paragraph four concluded with the words "shall pass to and vest in fee simple in the heirs of their body." Nothing else would then appear indicating that the words "heirs of their body" were used other than in their usual and technical sense.

The testatrix added to paragraph four, however, the words "and in the event that either of our said children shall die without issue, then the share herein bequeathed to them shall be divided equally between the *children* of our surviving children." (Emphasis added). The use of the word "children" underlined above, occasions the instant controversy. If the word "children" is construed as a limitation or description of the term "heirs of their body" the rule in Shelley's case is not applicable. This construction was not made by the trial court, however, and we are in agreement with that determination.

The last quoted portion of paragraph four is correctly construed as a limitation on the estate granted, and was used to create a defeasible fee, that is, one subject to defeasement in the named children by the happening of a contingency, namely, death without issue. The word "children" used in the questioned section of the will appears to have been selected and utilized as a mere incidence to the phrase which brought into existence the defeasible fee.

Stated another way the use of the word "children" is not to be construed as a limitation and description of the words "heirs of their body," but only as a condition or limitation on the fee simple, namely that the named children must not die without issue.

It is beyond question that the fee vested in the life tenant by the rule in Shelley's

case may be a determinable one. Texas is here in accord with all other jurisdictions. "When there are conditions or limitations named in the instrument by which the fee may be defeated and * * * go over to another, such conditions or limitations, if valid, remain in full force and effect." 3 Tex.Law Rev. 109, 127; Morris v. Eddins, 18 Tex.Civ.App. 38, 44 S.W. 203 (1898, writ ref.); Pearce v. Pearce, 104 Tex. 73, 134 S.W. 210 (1911); Darragh v. Barmore, 242 S.W. 714 (1921, Comm.App., opinion of Ct.Civ.App., 231 S.W. 472); Runge v. Freshman, Tex.Civ.App., 216 S. W. 254 (1919, no writ hist.); Cottrell v. Moreman, Tex.Civ.App., 136 S.W. 124 (1911, writ ref.).

The court in Cragin v. Frost Nat. Bank, Tex.Civ.App., 164 S.W.2d 24 (writ ref., w. m.) quoted from 69 C.J. Sec. 1558c.484: " * * * Where an estate is devised in language sufficient to create a fee simple absolute, and a subsequent provision is made in the will for a gift over on the happening of a future event or contingency, the subsequent provision will have the effect of modifying the estate already devised, to make it a defeasible fee, * * * The fact that an estate is devised as a defeasible fee, with a limitation over upon an event or contingency which may never happen, does not reduce the defeasible fee to a lesser estate, since the entire estate continues in the first devisee unless the event or contingency occurs upon which the limitation over is to take effect. * * * "

We do not believe that the use of the word "children" in the phrase creating the defeasible fee prevents the rule in Shelley's case from applying. In White v. Dedmon, 57 S.W. 870 (Tex.Civ.App.1900, no writ hist.), David Cleary executed a deed to certain property to his daughter. The deed provided that he, David Cleary, was to hold the property until his death, and that thereafter it was to be "delivered to the said Martha Ann Henry, or to the guardian of the heirs of her body in case of her death, and is to be controlled by her, the said Martha Ann Henry, or the guardian

of the heirs of her body in case of her decease, for the sole use and benefit of her and the heirs of her body, and in no event is the said Martha Ann Henry to sell and dispose of any of the above-named property * * * but the same is to be kept by the said Martha Ann Henry for the comfort and support of herself and the heirs of her body, or she, or the guardian of the heirs of her body in case of her death, may lease or rent said tract of land, or any part thereof, should it absolutely become necessary to do so, as shall seem to them most to the interest of the said Martha Ann Henry or her *children.*" (Emphasis added).

The court then concluded, "We are then driven to other parts of the deed to determine the estate conveyed, and in this search for other clauses which might be held to limit the estate to one for life, with remainder to the children, we find nothing more beyond the provision that the property shall be used for the support and comfort of the grantee and the heirs of her body * * * a majority of the court are of the opinion that the deed passed to Martha Ann Henry a fee-simple title, and that the grantor's effort to restrict the right of alienation cannot be given effect."

It is to be noted that in the Cleary deed the terms "heirs of their body" and "children" were both used. It does not appear that the court attached significance to the word "children" as it was there used, and determined that a fee simple title vested in Cleary's daughter.

█ This is neither to state nor to imply that the word "children" has the same meaning or significance as the words "heirs" or "heirs of their body" insofar as the rule in Shelley's case is concerned. Daugherty v. Manning, Tex.Civ.App., 221 S.W. 983, writ dismd.; Hopkins v. Hopkins, 103 Tex. 15, 122 S.W. 15 (Tex.Sup. 1909). While the use of the word "children" has a contrary import it is not a prohibited term insofar as the application of the rule in Shelley's case is concerned. It

cannot be construed to be destructive of the rule's application in every circumstance, however, particularly when its use here appears only in that part of the wording of an instrument creating a defeasible or conditional fee.

 Appellants contend that its use creates an ambiguity and therefore place strong emphasis on the intent of the testatrix contending that where words of inheritance (heirs of their body) are qualified by additional words, a court may construe the will, with regard to the entire use of language to determine if such words were used in a non-technical sense. Finley v. Finley, 159 Tex. 582, 324 S.W.2d 551 (1959). In such instance there must be a clear intent to use technical words of inheritance in a non-technical sense before a case becomes an exception to the application of the rule in Shelley's case. But inheritance in the technical sense is *implied* from the use of the word "heirs" or "heirs of their body" unless qualifying words are used in the instrument. As stated by Chief Justice Hickman, "While the court may be liberal in construing explanatory language so that the words 'heirs' or 'heirs of his body' will not be read in their technical sense, we cannot supply that language when it is omitted from the instrument itself." Sybert v. Sybert, supra. We look, therefore, to the instant will for an expression of the intent of the testatrix, or for "explanatory language" which would justify the failure to conclude that the words of limitation here employed were used other than in their technical sense. The search begins and ends with the previously quoted last phrase of paragraph four.

The problem is not whether the words "heirs of their body" mean "children" or vice versa. The problem is how the last quoted phrase of paragraph four relates to the other parts of the will. Our opinion conforms to that of the trial court, that it was utilized to create a defeasible or conditional fee, and was not employed as a limitation on the words of inheritance.

Though the rule in Shelley's case is not held in favor and has been abrogated in this state, it must be given effect if it is applicable. We believe the language of the instant case will bring it within the rule. Only an artificial construction can otherwise be obtained.

The judgment of the trial court is affirmed.