Cora L. HARRISON, Appellant,

v.

SAN–TEX LUMBER CO., Inc., Appellee.

No. 14911.

Court of Civil Appeals of Texas, San Antonio.

Oct. 28, 1970.

Stateson, Deane & Ward, San Antonio, for appellant.

Ausburn & Hibler, San Antonio, for appellee.

BARROW, Chief Justice.

This is a trespass to try title suit involving a construction of the will of Cora Robinson, who was stipulated to be the common source of title. The trial court held that under the rule in Shelley's Case, Horace Wren took a fee simple title to the land in controversy under the will of his mother, Cora Robinson, and granted summary judgment for appellee, who claims under a deed from the grantee of Horace Wren.

All facts are undisputed. Appellant is a daughter of Horace Wren, who died intestate on August 19, 1969, survived by five children. Appellant secured deeds from each of her four brothers and brought this suit seeking title and possession to Lot 22A, being parts of Lots 1 and 2 in Block 2, New City Block 1528, San Antonio, Bexar County, Texas. Appellee by counterclaim sought judgment for title and possession and to remove the cloud on his title caused by the deeds to appellant. The will of Cora Robinson provides in part:

"THIRD: I give, bequeath and devise unto HORACE WREN for life and upon his death to the heirs of his body in fee, all that certain lot or parcel of land lying and being situated in the County of Bexar and State of Texas, * * *." The land in question is described therein. The fourth paragraph of said will grants Horace Wren all the rest and residue of the estate in fee simple.

Texas courts followed the rule in Shelley's Case as a positive rule of law until the rule was abolished by the Legislature, Acts 1963, 58th Leg., Ch. 199, Sec. 1, p. 542, eff. Jan. 1, 1964, Art. 1291a, Vernon's Annotated Civil Statutes; Sybert v. Sybert, 152 Tex. 106, 254 S.W.2d 999 (1953); Finley v. Finley, 318 S.W.2d 478 (Tex.Civ.App.—Eastland 1958), writ refused by per curium opinion, 159 Tex. 582, 324 S.W.2d 551 (Tex.1959); Dallmeyer v. Hermann, 437 S.W.2d 367 [Tex.Civ.App. —Houston (14th) 1969, no writ]; Baylor University: Moreira, Comments—The Rule in Shelley's Case in Texas, 3 Baylor L.Rev. 42 (1950).

The rule was stated in the landmark case of Hancock v. Butler, 21 Tex. 804, 808 (1858) as follows: " * * * 'when a person takes an estate of freehold, legally, or equitably, under a deed, will, or other writing, and in the same instrument, there is a limitation, by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs, or heirs of his body, as a class of persons, to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate.' 4 Kent, 215. This result would follow, although the deed might express that the first taker should have a life estate only. It is founded on the use of the technical words, 'heirs,' or 'heirs of his body,' in the deed or the will.

"The rule in Shelley case is said to be a rule of law. It is really an organic rule, entering into the creation of the estate of inheritance."

Here the land was devised to Horace Wren for life and upon his death "to the heirs of his body in fee." Such phrase brings the bequest within the rule in Shelley's Case unless otherwise qualified. Sybert v. Sybert, supra; 37 Tex.Jur.2d, Life Estates, Remainder, Etc., Sec. 12. There is no explanatory language in the will which would authorize us to say that the words "heirs of his body" should not be read in their technical sense. Nor is there language qualifying the words "heirs of his body" to imply an intention that the land should not pass from person to person through successive generations in regular succession, such as a provision that the "heirs of his body" should "share and share alike" in a partition and division of the land. Cf. Gardner v. Dillard, 258 S.W.2d 93 (Tex.Civ.App.—Galveston 1953, writ ref'd). Thus the rule in Shelley's Case has clear application to the will of Cora Robinson and vested a fee simple estate in the land to Horace Wren.

Appellant urges that the rule in Shelley's Case should not be applied in this case because of the abolishment of same by the Legislature by Art. 1291a, supra.[1] It is seen, however, that under the express provisions of such Act, the Act did not become effective until January 1, 1964, and the Act provides that it should not apply to conveyances taking effect prior to the effective date of such Act. It is seen that the will of Cora Robinson became effective and was probated long prior to January 1, 1964. Furthermore, the property in question was conveyed by Horace Wren some seven months before the effective date of Art. 1291a. The rule applies to transfers made prior to January 1, 1964. Dallmeyer v. Hermann, supra; University of Texas; Johanson, Reversions, Remainders, and the Doctrine of Worthier Title, 45 Tex.L.Rev. 1 (1966).

The trial court properly held that under the undisputed record the land in question was devised in fee simple to Horace Wren by the will of Cora Robinson and since appellee demonstrated a valid chain of title from Horace Wren, appellee is entitled to title and possession of the premises.

The judgment is affirmed.

1. The objections to the rule in Shelley's Case as pointed out by appellant were fully recognized by the Texas Courts, but legislative action was suggested as an orderly way to abolish the rule. See Concurring Opinion: Sybert v. Sybert, supra.