**Mrs. Art S. HARPER et al., Appellants,**

v.

**Julia E. SPRINGFIELD, a widow, et al., Appellees.**

**No. 6008.**

Court of Civil Appeals of Texas, Waco.

Feb. 8, 1979.

Rehearing Denied March 29, 1979.

Jesse A. Pardue, Houston, John M. Hand, Hand & Anderson, Marlin, for appellants.

Charles D. Marshall, Seabrook, for appellees.

OPINION

McDONALD, Justice.

This is a partition suit involving a construction of the will of J. D. Erskine, who was stipulated to be the common source of title.

All facts are stipulated. J. D. Erskine executed his will in 1901. Sarah Elizabeth Springfield was his niece. Sarah Elizabeth Springfield was the mother of Thomas, Jesse, and James G. Springfield, who were her only children, and who were all living in 1901 when the will was executed and in 1906 when the will was probated. Thomas Springfield died in 1926; Jesse Springfield died in 1944; James G. Springfield died in 1949. Sarah Elizabeth Springfield died in 1958.

In March 1945 Sarah Elizabeth Springfield (and husband) purported to convey the entire property in dispute (100 acres in Limestone County) by General Warranty Deed to her only surviving son James G. Springfield; and such deed was filed for record in April 1945.

Appellees Julia Springfield and Mrs. Shirley Williams are the widow and only child of James G. Springfield.

Appellant Mrs. Art S. Harper is the only child of Thomas Springfield; and Appellants James J. Springfield and J. B. Springfield are children of and own all interest of Jesse Springfield.

Appellants James J. Springfield, J. B. Springfield and Mrs. Art S. Harper asserted an interest in the property and sought a partition. Appellees asserted ownership of the entirety of the property by virtue of the March 1945 deed of Sarah Elizabeth Springfield (and husband) to James G. Springfield, their husband and father.

The trial court (following the rule in Shelley's case) decreed that by the will of J. D. Erskine title to the 100 acres of land here involved passed to Sarah Elizabeth Springfield in fee simple; that the deed from her and her husband in March 1945 conveyed the fee simple title to such property to James G. Springfield and that appellees Julia E. Springfield and Mrs. Shirley Williams as sole heirs of James G. Springfield are vested with the fee simple title to such real property, for which reason no necessity exists for partition.

Appellants Mrs. Art S. Harper and J. B. Springfield and James J. Springfield appeal contending:

1) The trial court erred in decreeing that by the terms of the will of J. D. Erskine a fee simple title to the land vested in Sarah Elizabeth Springfield.

2) The trial court erred in not decreeing that by the terms of the will of J. D. Erskine, Sarah Elizabeth Springfield was given only a life estate in and to the land, with a vested remainder devised to her children.

3) The trial court erred in decreeing fee simple title to the property to be in appellees.

4) The trial court erred in decreeing no necessity exists for a partition.

Pertinent portions of J. D. Erskine's will provide:

SECOND

"I do give and bequeath to my beloved niece, Sarah Elizabeth Springfield and to the heirs of her body all my property, real personal and mixed, to have and to hold forever. My said beloved niece being raised by me from infancy and I having for her the affection of a father."

FOURTH

"I will that my debts be paid out of the personal property, and that all real estate shall not be sold, but shall be inherited by the children of said Sarah Elizabeth Springfield at her death, and the title the children shall take at her death shall be a fee simple title."

FIFTH

"Learning that some of the relatives of my deceased wife N. A. Erskine, are setting some kind of claim to a part of the land, I do will that they shall have none of the property * * * and as heretofore stated, I want none of my relatives, and none of her relatives to receive any part of my estate, but it all go to my

beloved niece Sarah Elizabeth Springfield and her children."

The question for determination is whether under J. D. Erskine's will, Sarah Elizabeth Springfield received a life estate in the land with a remainder to her children, or whether she received a fee simple title to the land with right of disposition.

There is no contention made on behalf of any party that the will is ambiguous. We agree that it is not ambiguous. This being true the meaning of the will must be determined by the language used "within the four corners of the instrument". The dominant purpose of the construction of a will is to ascertain the intention of the testator in the disposition of his estate. A will should be construed as to give effect to every part of it, if the language is reasonably susceptible of that construction. *Republic National Bank of Dallas v. Fredericks,* S.Ct., 283 S.W.2d 39. *Calvery v. Calvery,* Comm.Appls.Adopted, 122 Tex. 204, 55 S.W.2d 527; *Alamo National Bank of San Antonio v. Daubert,* CCA (Beaumont) NRE, 467 S.W.2d 555; *Haile v. Holtzclaw,* S.Ct., 414 S.W.2d 916; *Van Hoose v. Moore,* S.Ct., 441 S.W.2d 597. And where a will employs the words "bodily heirs" or "heirs of my body" and from the entire text of the will, it is shown the words were used in the sense of children, the words are words of purchase and not of limitation.

In the will before us, Mr. Erskine in paragraph SECOND bequeaths all of his property to "Sarah Elizabeth Springfield and to the heirs of her body". In paragraph FOURTH he directed debts be paid out of the personal property "and that the real estate shall not be sold but shall be inherited by the children of Sarah Elizabeth Springfield at her death, and the title the children shall take at her death shall be a fee simple title". And in paragraph FIFTH he states that relatives are to receive no part of his estate "but it all go to my beloved niece Sarah Elizabeth Springfield and her children".

We think the testator used the words "heirs of her body" in the sense of "her children" in paragraph SECOND.

Since the testator in paragraph SECOND bequeathed all his property to Sarah Elizabeth Springfield and her children; and in paragraph FOURTH provided the land should not be sold for debts, but should be "inherited by the children of Sarah Elizabeth Springfield at her death, and the title the children shall take at her death shall be a fee simple title", it is clear to us that he intended for Sarah Elizabeth Springfield to have a life estate in the land, and not a fee simple estate.

The trial court applied the rule in *Shelley's* case, and the words in paragraph SECOND "and to the heirs of her body" were interpreted as words of limitation resulting in a construction that Sarah Elizabeth Springfield took a fee simple title to the land under the will. See: *Harrison v. San-Tex Lumber Co.,* CCA (San Antonio) NWH, 459 S.W.2d 502 which reluctantly applied the rule in *Shelley's* case to the facts in that case with the comment: "There is no explanatory language in the will which would authorize us to say that the words 'heirs of his body' should not be read in their technical sense" (i. e. words of limitation).

In the case at bar the testator's use in paragraphs FOURTH and FIFTH the words "children of Sarah Elizabeth Springfield" and "Sarah Elizabeth Springfield and her children" explains and qualifies the words "heirs of her body" used in paragraph SECOND. In so doing it is clear that the testator intended his niece Sarah Elizabeth Springfield to take a life estate in the land, and that her children take a vested remainder. *Sybert v. Sybert,* S.Ct., 254 S.W.2d 999. See also: *Robinson v. Glenn,* S.Ct., 150 Tex. 169, 238 S.W.2d 169.

Appellants' points are sustained. The cause is reversed and remanded for partition under the construction of the will of J. D. Erskine herein.

**REVERSED AND REMANDED.**